In the Matter of the Claim of EUGENE BELLINI, Respondent, against GREAT AMERICAN INDEMNITY COMPANY, Appellant, and ARCHITECTURAL HOME CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Submitted April 4, 1949; decided July 19, 1949.

*Jeremiah F. Connor* for appellant. I. Assuming, without admitting, that claimant was an employee of Architectural Home Corporation, the award appealed from should have been made against the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. (*Matter of Rahman* v. *Bethel,* 236 App. Div. 182; *Stutz* v. *Guardian Cab Corp.,* 273 App. Div. 4; *Matter of Riddle* v. *General Ice Cream Corp.,* 262 App. Div. 353.) II. The claim is barred because of the suit

commenced by claimant against Architectural Home Corporation to recover damages for his injuries. (*Matter of Russell* v. *231 Lexington Ave. Corp.*, 266 N. Y. 391.) III. Claimant was an employee of Castro.

*Nathaniel L. Goldstein, Attorney-General* (*Theodore M. Schwartz, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. I. The award discharging from liability the Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law was proper. The seven- and three-year limitations of time provided under section 25-a were tolled during the time while the case was on appeal and also by virtue of the Military Law. (*Matter of Riddle* v. *General Ice Cream Corp.*, 262 App. Div. 353; *Matter of Sturesky* v. *Straussman*, 273 App. Div. 1036.) II. The mere commencement of a common-law action by claimant against Architectural Home Corporation does not bar a compensation award against it as an employer. III. Claimant was an employee of Architectural Home Corporation and was covered by the policy of insurance issued to the corporation. (*Matter of Bollard* v. *Engel*, 278 N. Y. 463; *Matter of Strawway* v. *Stickler*, 268 App. Div. 944; *Matter of Enright* v. *Asplundh Tree Expert Co.*, 271 App. Div. 847, 297 N. Y. 452; *Matter of Romeo* v. *Holley Canning Co.*, 272 App. Div. 1092; *Matter of Smothers* v. *D. & M. Pharmacy*, 271 App. Div. 760; *Matter of Straus* v. *Goldstein & Bros.*, 264 N. Y. 498; *Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60; *Matter of Greco* v. *Queenside Hills Realty Co.*, 266 App. Div. 704.)

Dye, J. Broadly, the question presented on this appeal by permission, is whether the tolling of limitations of time for suit by or against any person in military service (Military Law, §§ 304, 308; L. 1941, ch. 686, eff. April 23, 1941) is available as a defense to a third party or, to state it more precisely, whether the statutory time limitation of " seven years from the date of the injury * * * and * * * three years from the date of the last payment of compensation " (Workmen's Compensation Law, § 25-a) may be diminished in favor of the Special Fund for Reopened Cases by the time the alleged employer, subsequently released from liability for the original award, is absent in military service.

The claimant, Bellini, sustained accidental injuries November 1, 1938, while working as a plasterer's helper in the course of work on a house being built by Architectural Home Corp. as owner. Its carrier, the appellant here, paid compensation to claimant for the period from November 1, 1938, to February 6, 1939, when payments were discontinued, it being claimed that Anthony Castro, an independent contractor, was the employer. On May 11, 1939, Castro, on controverted proof, was found to be the employer and the case continued leading to an award of 65% permanent loss of use of left foot, a schedule loss (Workmen's Compensation Law, § 15, subd. 3.) The case was closed January 19, 1941. While the compensation claim was pending against Castro, who was uninsured and could not pay the award, a third party suit was brought by claimant against Architecutral Home Corp. This was voluntarily discontinued January 9, 1941. The compensation award against Castro was under review and was confirmed June 10, 1941. Castro's appeal to the Appellate Division from the award under date of January 11, 1940, was later dismissed on January 10, 1946, for failure to prosecute. Architectural Home Corp. and its carrier, Great American Indemnity Company, were not parties. Castro was inducted into the Army of the United States, January 22, 1941, and continued therein until his honorable discharge December 10, 1944. Thereafter on the date of March 14, 1946, he made application to have the compensation case reopened on the ground of newly discovered evidence showing he was not the employer. The claimant, Bellini, also applied to reopen, claiming additional compensation for protracted healing period. When the application to reopen was granted August 9, 1946, the Special Fund for Reopened Cases was put on notice because there had been " a lapse of seven years from the date of the injury * * * and * * * three years from the date of the last payment of compensation " (Workmen's Compensation Law, § 25-a). It claimed such statutory time should be diminished by the period Castro was in the military service (Military Law, § 308). The board, after hearing additional testimony on the question of employment, rescinded its former determination that Castro was the employer and relieved both him and the special fund from liability and in place thereof made a schedule award for loss of use

of left foot plus an additional amount for protracted healing period less a credit for fifteen weeks' payments theretofore made by it against the Great American Indemnity Company, the appellant here, as carrier of Architectural Home Corp. The case was then closed.

The Great American Indemnity Company as carrier of Architectural Home Corp. then took an appeal from such determination which has been affirmed by the Appellate Division (Third Department). The failure of the employer to join in such appeal in no way prejudices the rights of the carrier as an appellant (Workmen's Compensation Law, §§ 23, 54, subd. 2; *Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314). The issue of employment being one of fact and there being sufficient evidence to sustain such finding, it is beyond our reach (Workmen's Compensation Law, § 20; *Matter of Enright* v. *Asplundh Tree Expert Co.*, 271 App. Div. 847, affd. 297 N. Y. 452). Nor does the fact that the claimant brought a third party suit against Architectural Home Corp., later found to be the employer, bar his claim for compensation (*Matter of Russell* v. *231 Lexington Ave. Corp.*, 266 N. Y. 391). The controversy here is solely between the appellant carrier and the special fund as to which of them shall pay the award, the happening of the accident and the injuries sustained not now being questioned. Its solution depends on whether the statutory time limit for holding the carrier liable for an award in a reopened claim (Workmen's Compensation Law, §§ 25-a, 123) is tolled by the Military Law which provides so far as pertinent, viz.:

" § 308. Statutes of limitations; time of military service not included. The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action *by or against any person in military service* ". (Emphasis supplied.)

This plain language clearly indicates an intention to confine its limitation for the bringing of suits " by or against any person in military service " to the person actually in the armed services. It is personal in nature and cannot be extended to relieve or protect a third person from the operation of the limiting statute (*Stutz* v. *Guardian Cab Corp.*, 273 App. Div. 4).

Castro as a plaintiff, or a person bringing suit against him as a defendant, may claim the protection and benefit of its

provisions. Such is not the situation here. The special fund is a third party and cannot qualify. Nor may the special fund be relieved on the theory that the claimant is prejudiced because an award against it " shall not be retroactive for a period of disability  *  *  *  longer than the two years immediately preceding the date of filing '' of the application to reopen (Workmen's Compensation Law, § 25-a, subd. 1). This provision as we read it, establishes a time limitation on the retroactive liability of the special fund for a temporary total disability (§ 15, subd. 2). The award here is based on a permanent partial disability of the left foot (§ 15, subd. 3) for which a schedule award of 65% loss of use has been made. This award is not dependent on the number of weeks claimant was temporarily unable to work but on the extent of the permanent disability shown to have been sustained to the injured member. The loss of a member or the permanent percentage loss of use thereof is the determining factor in computing the amount of such award. When claimant has suffered such loss of a member he is entitled to a schedule award even though he suffers no loss of time or earning capacity by reason of the injury. Keeping in mind the distinct character of the award made herein there is neither authority nor principle for applying the two-year retroactive time limitation in favor of the special fund to the claimant's prejudice. The only temporary period of disability considered was for the protracted healing period which constituted claimant's basis for his application to reopen. This the board found amounted to twenty-five and one-half weeks and, being for less than the two-year limitation, presents no problem.

It cannot be said that claimant is prejudiced in any event but assuming *arguendo,* that the retroactive time limitation is applicable on either phase of the case, the prejudice resulting to the claimant cannot serve to create a liability against the carrier in whose favor the Statute of Limitations has run and which it has not waived or forfeited by subsequent conduct. No such waiver of the statute or acknowledgment of liability has been established here. For more than six years prior to the reopening and for more than seven years after the accident, the carrier was lulled into security by the repeated rulings and decisions of the board that its insured was not the true employer. The circumstance that the claimant made his claim against

Castro, a person in the military service, does not change the situation so far as this appellant is concerned if reliance thereon depended upon the ruling of the board in the premises. The case of *Matter of Sturesky* v. *Straussman* (273 App. Div. 1036, motion for leave to appeal denied 298 N. Y. 937), relied on by the board to sustain its own ruling, is not in point since there it was the claimant who was invoking the protection of the Military Law and had it not been available he would have been prejudiced. The distinction is self-evident. It should also be noted that the ruling depended in part upon the circumstance that the claim had not been closed but was continued without prejudice to a reopening until after the claimant should have returned from military service.

The further contention of the board that the statutory time limitation of section 25-a should be diminished by the time during which Castro's appeal was pending is without merit (§§ 25-a, subd. 8; 23). Neither the employer, Architectural Home Corp., nor its carrier, Great American Indemnity Company, the appellant herein, were parties to the Castro appeal nor were they concerned with it. They had been excused and released from liability by the ruling that Castro was the employer. Under these circumstances the carrier may not now be penalized by a reversal by the board of its previous ruling on the merits after the running of the statutory time limit. The statute, in clear and understandable language, releases a carrier from continuing liability after a lapse of seven years (Workmen's Compensation Law, §§ 25-a, 123). The statute also provides that pendency of an appeal has the effect of diminishing the statutory period for reopening of claims but nowhere does it provide that the time an appeal is pending extends to the merits of the issue, so as to create liability not otherwise existing.

The order of the Appellate Division should be reversed, the award annulled, and the matter remitted to the Workmen's Compensation Board in accordance with the opinion herein, with costs to the appellant against the Workmen's Compensation Board.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and BROMLEY, JJ., concur.

Order reversed, etc.