## PETERS *v.* UNSATISFIED CLAIM AND JUDGMENT FUND BOARD

[No. 190, September Term, 1973.]

*Decided March 18, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*John S. Mahle, Jr.,* for appellant.

*G. Raymond Valle, Assistant Attorney General,* and *George L. Huber, Jr.,* with whom were *Francis B. Burch, Attorney General,* and *Arnold, Beauchemin & Huber, P. A.* on the brief, for appellee.

Levine, J., delivered the opinion of the Court.

This appeal arises out of appellant's unsuccessful effort to obtain from appellee (the Board) payment of a judgment in the sum of $8,000 entered against one Eddie Watson, Jr. (Watson), an uninsured motorist.

On October 20, 1968, appellant sustained personal injuries in a collision between her automobile and one operated by Watson, who was then in the United States Army. On June 13, 1969, appellant filed suit for her damages in the Superior Court of Baltimore City. Two weeks later, after having been served with the suit papers, Watson was discharged from military service, retaining his civilian status until October 14 of that same year when he reenlisted.

On the date of the accident, Watson maintained an automobile insurance policy with Ohio Valley Insurance Company (the insurance carrier), which limited that carrier's liability to $10,000 for any one person and $20,000 for two or more persons in any one accident. At that time, Maryland Code (1957, 1967 Repl. Vol.) Art. 66½, § 134 required minimum coverage of $15,000 and $30,000, respectively.[1] On October 7, 1970, appellant entered into a settlement of her claim by executing a release for the sum of $8,000. She never received payment of the agreed settlement because the insurance carrier was declared insolvent on November 27, 1970, following suspension of its operations by the Ohio Insurance Department.

When appellant learned of the insurance carrier's insolvency, she gave notice to the Board on December 16, 1970, of her intention to make a claim under the Unsatisfied Claim and Judgment Fund Law. After counsel designated by the Board entered an appearance for Watson, the case ultimately came on for hearing, and on September 18, 1972, a judgment in the amount of $8,000 was entered in favor of appellant against Watson. On April 24, 1973, she filed a "Petition For Payment Of Judgment Out Of Unsatisfied

---

1. Unless otherwise indicated, all references to applicable Maryland statutes will be to those in effect on the date of the accident, October 20, 1968.

Claim And Judgment Fund." This was denied on the ground that appellant had failed to give notice within 180 days of the accident, as then required by Code (1957, 1967 Repl. Vol.) Art. 66¹/₂, § 154 (a). This appeal is from that ruling.

It is readily conceded by appellant that her notice of intention to make a claim was not given within 180 days of the accident as required by the statute. She contends, however, that this period was tolled by the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 525 (1942) which, in relevant part, provides:

> "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or *against any person in military service* or by *or against his heirs, executors, administrators, or assigns*, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service . . . ." (emphasis added).

Judge Thomas rejected this argument, saying:

> "The Act only tolls the limitation provisions if the action is either, one, against a person in military service, or, against his heirs, executors, administrators or assigns. In the Court's opinion, the Unsatisfied Claim and Judgment Fund would not fall into any of these categories."

Manifestly, appellant makes no claim that the Board comes within the ambit of the statute as either a "person in military service" or as an heir, executor, administrator or assign of Watson. The decisive question then is whether, as appellee contends, appellant's petition for payment of the judgment against the Board is a separate "action or proceeding," thereby precluding the applicability of § 525; or whether, as appellant urges, it is merely part of the "action

or proceeding" against Watson, who unquestionably was a "person in military service."

To support her position, appellant relies heavily upon *Murray v. Rogers*, 78 N. J. Super. 163, 188 A. 2d 47 (1962). This reliance is misplaced, however, as there the person in the military service was the *claimant* who was seeking payment of a judgment from the New Jersey Unsatisfied Claim and Judgment Fund Board. Met with a contention of late notice — as in the case at bar — he successfully maintained that the time requirement was tolled by § 525. Thus, the difference between the two factual situations precludes the applicability of that case to the issue here.

It is true, as appellant urges, that the Maryland Unsatisfied Claim and Judgment Fund law was taken and patterned after the similar law then in force in New Jersey. *Unsatisfied C. & J. Fund v. Hamilton*, 256 Md. 56, 58, 259 A. 2d 303 (1969); *Mundey v. Unsatisfied Fund*, 233 Md. 169, 172-73, 195 A. 2d 720, 2 A.L.R.3d 755 (1963); *Maddy v. Jones*, 230 Md. 172, 176, 186 A. 2d 482 (1962). Therefore, we have from time to time looked to the New Jersey decisions for enlightenment as to the meaning and effect of the statute, *Unsatisfied C. & J. Fund v. Hamilton, supra.* We rather doubt, however, that if the facts had been reversed, as they are here, the New Jersey Court would have invoked § 525 to toll its notice requirements.[2]

A careful consideration of the Soldiers' and Sailors' Civil Relief Act yields no support for appellant's position. As Judge Winter said for the court in *Carr v. United States*, 422 F. 2d 1007 (4th Cir. 1970):

> ". . . The Soldiers' and Sailors' Civil Relief Act was intended to enable persons serving in the armed forces 'to devote their entire energy to the defense needs of the Nation' without the worries and distractions which are involved in the conduct

---

2. It should be noted that we have declined to follow decisions of the New Jersey courts where those decisions have appeared to us to be contrary to the plain meaning of the language used in the Maryland statute. Mullins v. Thorne, 254 Md. 434, 438, 255 A. 2d 409 (1969); Mundey v. Unsatisfied Fund, *supra.*

of litigation. 50 U.S.C.A. App. § 510; *e.g.*, Van Heest v. Veech, 58 N.J.Super. 427, 432, 156 A.2d 301, 304 (1959). We have found nothing to suggest that Congress was protecting a contrary purpose when it extended the benefits of § 525 to persons who bring actions *'against'* servicemen. Consistent with the statute's broad purpose, therefore, we think that § 525 was intended to promote tranquility in the military by permitting claimants to await the termination of the potential defendant's tour of duty without losing a meritorious claim. (citations omitted)." 422 F.2d at 1012-13 (emphasis in original).

This purpose, however, has no application here. Since appellant filed suit and obtained service upon Watson in timely fashion, it was unnecessary for her to invoke § 525 against him. In an effort to establish that the claim against the Board is merely part of the "action" against Watson, appellant analogizes the petition to the supplementary proceedings permitted by Maryland Rule 628 following obtention of a judgment. There is no force in this argument. This is not merely an attempt to discover assets belonging to a judgment debtor. It is a separate proceeding against the Board aimed at obtaining payment from its funds rather than Watson's. This view is not affected by the requirement that the uninsured motorist reimburse the Board for payment made to the claimant.

Nor can appellant derive solace from the fact that the insolvency occurred after the expiration of the 180-day notice period, since appellant was free to give notice at any time following the accident. In short, entry of the judgment against the uninsured motorist was not a condition precedent to giving the required notice. Thus, even had Watson's military duties made him unavailable for service of process during the entire 180-day notice period — thereby subjecting *him* to the tolling provision of § 525 — appellant would not have been prevented from perfecting her claim against the Board. *Cf. Bellini v. Great American Indemnity Co.*, 299 N. Y. 399, 87 N.E.2d 426 (1949), where it was

contended that a state version of § 525 tolled the statutory time limitation for claiming benefits from the "Special Fund for Reopened Cases" under the New York Workmen's Compensation Statute on the ground that an uninsured employer had been absent due to military service. Referring to the language of the state military law which was virtually identical to § 525, the New York Court of Appeals said:

> "This plain language clearly indicates an intention to confine its limitation for the bringing of suits 'by or against any person in military service' to the person actually in the armed services. It is personal in nature and cannot be extended to relieve or protect a third person from the operation of the limiting statute. (citation omitted).

> "Castro as a plaintiff, or a person bringing suit against him as a defendant, may claim the protection and benefit of its provisions. Such is not the situation here. The special fund is a third party and cannot qualify. . . ." 87 N.E.2d at 428-29.

In sum, when appellant filed her petition to obtain payment of the judgment from the Board, she was no longer engaged in "bringing [an] action or proceeding . . . against any person in military service or . . . against his heirs, executors, administrators, or assigns . . . ." Thus, the 180-day notice requirement of § 154(a) was not tolled by the Soldiers' and Sailors' Civil Relief Act.

*Judgment affirmed; appellant to pay costs.*