In the Matter of the Claim of FANNIE LURYE, Appellant, against STERN BROTHERS DEPARTMENT STORE et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Argued May 20, 1937; decided July 13, 1937.

*Edward T. Curran* and *Emma A. Grippa* for appellant. The features of an occupational situation are lacking, and in place thereof there is a concomitant set of factors, unusual in their nature, which caused this unusual and catastrophic injury. (*Ismay, Imrie & Co.* v. *Williamson,* [1908] A. C. 437; *Matter of Jeffreyes* v. *Sager Co.,* 233 N. Y. 535; *Matter of Connelly* v. *Hunt Furniture Co.,* 240 N. Y. 83.) The claim should have been allowed. (*Matter of Waters* v. *Taylor Co.,* 218 N. Y. 248; *Matter of Petrie* v. *Oneida Steel Co.,* 215 N. Y. 335; *Hensy* v. *White,* [1900] Q. B. 481; *Fenton* v. *Thorley & Co.,* [1903] A. C. 443; *Matter of Ismay, Imrie & Co.* v. *Williamson,* [1908] A. C. 437; *Clover* v. *Hughes,* [1910] A. C. 242; *Matter of Connelly* v. *Hunt Furniture Co.,* 240 N. Y. 83.)

*James P. Allen, Jr.,* and *John P. Smith* for Stern Brothers Department Store et al., respondents. The claimant did not sustain an accident within the meaning of the Workmen's Compensation Law (Cons. Laws, ch. 67). (*Lerner* v. *Rump Bros.,* 241 N. Y. 143; *Matter of Jeffreyes* v. *Sager Co.,* 198 App. Div. 446; 233 N. Y. 535; *Wager* v. *White Star Candy Co., Inc.,* 217 App. Div. 316.)

LOUGHRAN, J. The claimant, Fannie Lurye, was employed as a saleswoman in a department store. " On October 15, 1932, while the said Fannie Lurye was

engaged in the regular course of her employment and while working for her employer, showing coats to a customer, a fellow-employee switched on an electric fan, which caused a draft to be blown upon her, causing her to sustain a chill, resulting in Bell's Palsy, and as a result of which she became disabled." On this finding the claim for an award of workmen's compensation has been dismissed on the authority of *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153).

In that case the finding was that the employee, a salesman, while working on June 2, 1923, at " his employer's plant, and while showing fruit and vegetables to a customer of his employer in the refrigerator of said employer's plant, and because of the sudden transition from the superheated atmosphere on the outside of said refrigerating plant to the chilly atmosphere in the interior thereof, and as his duties necessitated his remaining in said refrigerator for ten minutes, he received a chill that naturally and unavoidably caused a cold to develop which lowered his disease-resisting power, and as a result, pulmonary edema and cerebral embolism and septic endocarditis developed and caused his death on November 22, 1923; the proximate cause of death being the injury that he received in the refrigerator of his employer's plant on June 2, 1923." (212 App. Div. 747, 748; 241 N. Y. at p. 154.) It was there held that the facts so found did not make out a case of disease which could be classified as an accident within the fair meaning of the statute.

We have here the same circumstances of contact with cold air at a definite time and place resulting in disease, with nothing out of the ordinary either in the claimant's work or condition of health. But there, we think, the likeness ends.

In the *Lerner* case the employee passed from a hot room into a cold one. The specific result was something that was almost as likely to occur as not. What was

presented, the court said, was " a case of ordinary exposure resulting in a cold." We thought that to the average man there would seem to be no accident in such a sequence of events. (Cf. *Matter of Hocke* v. *Emdee Management Corp.*, 269 N. Y. 592.)

In the case at hand the claimant was struck by air propelled by the fan. The result was " palsy which is limited to one side of the face and is acute in onset and called Bell's "— with consequent distortion of the parts and of the powers of expression. We think the average man would say that so swift and harsh a disablement was an accidental injury when it was so strangely suffered in the ordinary day's work. (See *Lewis* v. *Ocean Accident & Guarantee Corp.*, 224 N. Y. 18, 21.) It seems to us that analogy, too, leads to that conclusion. " Sunstroke, strictly speaking, is a disease, but the suddenness of its approach and its catastrophic nature have caused it to be classified as an accident." (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83, 87.)

For cases like this no general rule can be annunciated. (*Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140, 145.) Confining ourselves to the finding here made and affirmed, we hold that the claimant was entitled to relief. (Cf. *Industrial Commission* v. *Middleton*, 126 Ohio St. 212.)

The order of the Appellate Division and the determination of the State Industrial Board should be reversed and the award originally made reinstated, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.