In the Matter of the Claim of JULIAN KNUDSTAD, Respondent, against EMIGRANT INDUSTRIAL SAVINGS BANK, Alleged Employer, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of disability compensation under the Workmen's Compensation Law. The State Industrial Board has found that on March 3, 1936, the claimant was injured while employed as a painter. It also found that at the time he sustained the accident he was an employee and not an independent contractor. The sole question urged on this appeal is that "for the purposes of this job" claimant was an independent contractor and not an employee. The proof shows control of the claimant and a fellow-employee on the same job by the representative of the employer which, coupled with the other evidence in the case, is sufficient to sustain the finding of employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of Mrs. DELIA LANPHIER, Respondent, against AIR PREHEATER CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award for death benefits in favor of claimant. The State Industrial Board found that the deceased husband was employed as an erecting engineer and died of lobar pneumonia on January 1, 1935, as a result of accidental injuries sustained by him on January 24, 1934. The Board found that the death was the result of an unusual exposure on December 24, 1934, to a temperature ranging as high as 168 degrees. The evidence sustains the finding. (Lurye v. Stern Bros. Department Store, 275 N. Y. 182.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.