In the Matter of the Claim of JEROME NAYOR, Respondent, against HARWICK TRUCKING CORPORATION; STATE INSURANCE FUND, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Submitted February 28, 1940; decided April 26, 1940.

*George J. Hayes* and *Bernard Botein* for appellant. The award cannot be sustained on the theory of occupational disease pursuant to paragraph 28 of subdivision 2 of section 3 of the Workmen's Compensation Law, inasmuch as the record affirmatively shows that the alleged disability was not the result of an occupational disease within the meaning and intent of the law. (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Matter of Goldberg* v. *954 Marcy Ave. Corp.*, 276 N. Y. 313; *Madeo* v. *Dibner & Bros.*, 121 Conn. 664; *Galluzzo* v. *State*, 111 Conn. 188; *Dill* v. *Plainview N. Y. Co.*, 217 Iowa, 827; *Victoria Sparkler Co.* v. *Francks*, 147 Md. 368; *McNeely* v. *Carolina Asbestos Co.*, 206 N. C. 568.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. The claimant's disability was due to an occupational disease within the meaning of the Workmen's Compensation Law. (*Matter of Lurye* v. *Stern Bros. Dept. Store*, 275 N. Y. 182; *Matter of Goldberg* v. *954 Marcy Ave. Corp.*, 276 N. Y. 313; *Matter of Foster* v. *Gillinder Bros., Inc.*, 278 N. Y. 348; *Matter of Bettcher* v. *duPont de Nemours & Co.*, 255 App. Div. 734; *Matter of Martin* v. *Shattuck Co.*, 255 App. Div. 739; *Matter of Soukup* v. *Friedman Marble & Slate Works*, 255 App. Div. 249; *Rhodier* v. *Frazier David Const. Co.*, 256 App. Div. 863; *Matter of Brennan* v. *Hockensmith Const. Co.*, 256 App. Div. 870; 281 N. Y. 703; *Matter of Koprda* v. *Cadillac Motor Car Division & Royal Indemnity Co.*, 258 App. Div. 765.)

*Per Curiam.* On November 27, 1937, the claimant, while driving an open motor truck in the course of his employment, suffered a right facial paralysis. There was expert testimony that the ailment was a disorder known to the medical profession as " Bell's palsy " and that it may be caused by exposure to cold air. The Board made an award for occupational disease upon a finding that the claimant's injury was caused by his exposure to draught, cold and wind necessitated by his employment.

Appellant carrier contends that the finding was precluded by the fact that on the occasion in question the temperature ranged from forty-four to forty-nine degrees. We may not assume that " Bell's palsy " cannot result from exposure to temperature of that degree. Disregarding the claimant's testimony as to a concomitant trauma (which the Board ignored), the evidence, we think, is sufficient to support the finding of occupational disease. (*Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313. Cf. *Matter of Lurye* v. *Stern Bros. Dept. Store*, 275 N. Y. 182.)

The order should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.