## THIRD DEPARTMENT, MARCH, 1946.
### (March 6, 1946.)

In the Matter of the Claim of LEE MEYER, Appellant, against SIDNEY MEYER-ATLANTA MARKET et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for an order amending the decision of this court in this matter so as to provide costs and disbursements for the appellant. Motion granted and such costs and disbursements may be taxed against the carrier, the State Insurance Fund. All concur. [See *ante*, p. 787.]

In the Matter of the Claim of DAVID HENDLER, Respondent, against CAYTON BAKERY, INC., and BAKERS MUTUAL INSURANCE COMPANY OF NEW YORK, Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award made by the State Industrial Board [now Workmen's Compensation Board] for total and partial disability for a period from February 15, 1938, to July 15, 1944, amounting to $5,489.89, with a credit of $1,500 previously paid by appellant carrier. The State Industrial Board held that the claimant, who had been a baker for about forty years, had an occupational disease as defined in paragraph 28 of subdivision 2 of section 3 of the Workmen's Compensation Law. The case had been before the board on a previous occasion. It was then determined that claimant was suffering from a dust disease under article 4-A of the Workmen's Compensation Law. An award of $1,500 was made. That determination was sustained by this court (263 App. Div. 784). Thereafter the case was reopened by the board and additional testimony taken. Appellants contend that the board was not justified in reopening the case and further contend that the claimant was not suffering from any condition due to his employment as a baker. The board was justified in reopening the case. The evidence sustains the findings of the board. Award is affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of SIDNEY BERMAN, Respondent, against CORNELIA CAB COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award in claimant's favor. The sole question involved is whether or not claimant's injuries resulted from his intoxication while operating a taxicab. The board found that the accidental injuries sustained by claimant did not result solely from his intoxication. The evidence supports the decision. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of MARY DERACLEO, Respondent, against HAMMARLUND MANUFACTURING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. All concur. [See *ante*, p. 787.]