In the Matter of the Claim of HARRY STURESKY, Respondent, against ALEXANDER STRAUSSMAN, Doing Business as RELIABLE VACUUM CLEANER, et al., Appellants, and FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from a decision and award made to claimant by the Workmen's Compensation Board. The award is for reduced earnings for disability occasioned by an occupational disease, bronchial asthma, contracted in an employment of repairing vacuum cleaners. In 1940, claimant received an award under former article 4-A (Workmen's Compensation Law), of some four months' total disability for his affliction which was then determined to be a dust disease. That was affirmed on appeal to this court (263 App. Div. 771), and the Court of Appeals denied leave to appeal (287 N. Y. 855). Medical evidence now sustains the present finding that claimant's affliction is an occupational disease and not a dust disease. The earlier determination that it was the latter is not *res judicata*. (*Matter of Hendler* v. *Cayton Bakery, Inc.*, 270 App. Div. 862, motion for leave to appeal denied 295 N. Y. 989.) There was evidence that claimant had no such actual earnings as would furnish a base whereon to determine his wage earning capacity. Thus his rate of compensation was properly fixed under subdivision 5-a of section 15 of the Workmen's Compensation Law. Appellant's further contention that the Special Fund for Reopened Cases is liable for the present award is untenable. The date of claimant's disability was July 23, 1938. His last payment of compensation under the former award was on May 12, 1942. He was in military service from April 30, 1942, to December 3, 1945. Application made by letter from his attorney for further consideration of his claim, and which was acted upon favorably, and resulted in the present award, was on January 19, 1946. The arrangements made at a hearing on the original claim before a referee on July 21, 1942, have been construed by the board as an adjournment of the proceeding pending the period of claimant's military service, and the present proceeding its resumption and continuation. Such a construction of the matter is reasonable. A claimant, when not prejudiced thereby, has no concern with the question of whether, because of the lapse of time, his compensation is payable by the employer or the Special Fund. In this case, however, he would be prejudiced if the fund was liable because of its limited retroactive liability. The moratorium provisions of sections 304 and 308 of the Military Law confirm the board's construction that the arrangement made on July 21, 1942, was an adjournment of the original proceeding, the resumption of which culminated in the present award. Moreover, such a period of military service we think effective to toll the time provisions of section 25-a (Workmen's Compensation Law), in a case where otherwise a claimant would be prejudiced. The period during which claimant's former award was on and under appeal appears to have been about eleven months. That, too, tolled the time provisions of the statute (Workmen's Compensation Law, § 25-a; *Matter of Riddle* v. *General Ice Cream Corp.*, 262 App. Div. 353), and, like the period of military service, sufficiently so to continue the liability of the employer and carrier. The decision and award should be

affirmed. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.