Heffernan, J.
For about eighteen years prior to May 1,1944, claimant was employed as an electrician in the Grain Terminal Building located in Brooklyn, during which period the building was owned and operated by the State of New York.
On May 1, 1944, this building was taken over and thereafter operated by the employer, Port of New York Authority which is a separate and distinct legal entity. Claimant continued his duties as an electrician under the new employer. He was required to work in all parts of the building which was constructed and operated as a grain elevator. There were many electric motors throughout the building and in servicing them claimant was continuously exposed to grain dust.
The board found that on September 12,1945, claimant became partially disabled as a result of a disease known as chronic emphysema, bronchitis and asthma, which resulted from his employment and was due to the nature thereof.
The board determined that claimant’s partial disability resulted from an occupational disease under paragraph 28 (now par. 29) of subdivision 2 of section 3 of the Workmen’s Compensation Law.
By chapter 431 of the Laws of 1947, effective July 1st of that year, paragraph 28 was renumbered paragraph 29. A new paragraph 28 was inserted the effect of which was to return within the scope of subdivision 2 of section 3 of the statute a total disability or death resulting from silicosis or other dust disease, and to provide again the same amount of benefits for such total disability or death as the statute provided in connection with other enumerated occupational diseases. At the same time article 4-A was repealed.
The appellants challenge the award on various grounds. They contend that it was improperly made under paragraph 28 of subdivision 2 of section 3 of the statute and that claimant’s disability is the result of an occupational dust disease, within the purview of article 4-A of the law in effect at the date of disablement. They also assert that claimant was disabled and his disease contracted prior to May 1, 1944, the date on which the employer became the owner of the Grain Terminal Building. Finally they argue that even if the award was properly made *84 under paragraph 28 it should he apportioned, pursuant to the provisions of section 44 of the Workmen’s Compensation Law, between the former employer and its insurance carrier and the appellants. Each of claimant’s employers had a different insurance carrier.
As heretofore noted the award in question was made pursuant to the provisions of paragraph 28 of subdivision 2 of section 3 of the statute. These provisions are to the effect that compensation shall be payable for disability sustained by an - employee resulting from the following occupational diseases:

Croup 7 of subdivision 1 of section 3 includes the operation of electric appliances and also the operation of grain elevators and therefore covers claimant.
This court has held again and again that an- occupational disease within the meaning of paragraph 28 is established when the nature or conditions of the employment created a hazard and a risk which caused the same as a natural incident of the occupation when such hazard and risk are in excess of those attending employment in general (Matter of Pinto v. Competent Fur Dressers, Inc., 271 App. Div. 1036, affd. 297 N. Y. 846; Matter of Sturesky v. Straussman, 273 App. Div. 1036, leave to appeal denied, 298 N. Y. 937; Matter of Eckstein v. Loew’s Inc., 268 App. Div. 1073, affd. 295 N. Y. 672; Matter of Vanore v. Mary Immaculate Hosp., 285 N. Y. 631; Matter of Foster v. Gillinder Bros., Inc., 278 N. Y. 348; Matter of Nayor v. Harwick Trucking Corp., 283 N. Y. 62; Matter of Shepardson v. Roosevelt Hosp., 271 App. Div. 760; Matter of Webster v. St. Joseph Lead Co., 264 App. Div. 800; Matter of Moore v. Colonial Sand & Stone Co., 261 App. Div. 857, leave to appeal denied, 285 N. Y. 860; Matter of Huffman v. Cast Traffic Sign Corp., 258 App. Div. 1013).
It is undisputed that during the many years of his employment claimant was exposed to and came in contact with grain dust from wheat, oats, rye, barley, corn and many other grains. This contact and exposure had ill effects on claimant as early as *85 1940 and this condition continued and became more aggravated until his disablement on September 12, 1945.
On April 5, 1946, claimant’s physician certified that his patient was suffering from chronic bronchiectasis which was aggravated by the nature of his work. On April 22, 1947, this physician filed a supplemental report stating that claimant was totally disabled on account of bronchial asthma which resulted from his employment.
On April 17, 1947, the board referred the claimant’s case to Dr. Amberson as an expert consultant. After examining claimant and after he obtained a history of the case the doctor’s diagnosis was that claimant was suffering from pulmonary emphysema, complicated by chronic catarrhal bronchitis. This physician made a specific finding that there was no evidence of pneumoconiosis.
On August 6,1947, after receiving Dr. Amberson’s report the board designated Dr. Harkavy, a specialist in allergies, to examine claimant in order to ascertain whether the grain dust which he inhaled in the course of his employment contributed to his present condition. After his examination Dr. Harkavy reported that claimant had chronic emphysema and bronchitis which was a sequence of the continuous exposure to various dusts to which the claimant was sensitive. He gave as his opinion that the exposure of claimant’s employment was a competent producing cause of his condition. Later he testified that claimant was permanently partially disabled as the result of the diseases from which he suffered.
The appellants’ contention that claimant was suffering from a dust disease within the purview of article 4-A is not supported by the evidence. It is quite significant that under article 4-A an award can be made only for total disability.
The provisions of article 4-A were adopted subsequently to the enactment of paragraph 28. The purpose of article 4-A was to remove from the coverage of paragraph 28 silicosis and similar dust diseases, and to set up a separate schedule of compensation payments in a lesser sum for total disability or death resulting from that type of disease.. The provisions of this article were designed and intended to embrace within their scope only the diseases of the pneumoconiosis classification, such as silicosis or chalicosis (silica, stone or mineral dust) anthracosis (coal dust) siderosis (iron or steel dust) and like diseases.
Appellants produced no proof that the disability of claimant was due to any of these diseases and likewise failed to substantiate their claim that the disability was due to a disease of the pneumoconiosis group.
*86 There is ample evidence in the record to support the conclusion that the emphysema, bronchitis and asthma, suffered by claimant were organic diseases caused by his exposure to grain dust. He was allergic to grain dust according to tests taken by Dr. Harkavy. These diseases are occupational within the meaning of paragraph 28 as judicially interpreted.
In the Pinto case (supra) the question presented had to do with an employee who developed the disease of bronchiectasis from exposure to fur hair and fur dust.
In the Sturesky case (supra) the claimant was exposed to dust arising from repairing vacuum bags in the employer’s shop. He became disabled from asthmatic bronchitis due to his employment.
In Matter of Hendler v. Cayton Bakery Inc. (270 App. Div. 862, leave to appeal denied, 295 N. Y. 989); Matter of Scherlag v. Superb Bakery Inc. (267 App. Div. 1020) and Matter of Chalmers v. Case (265 App. Div. 897) the claimants contracted asthma as a result of exposure to flour dust and powder in the course of their employment.
In each of these cases we affirmed awards on the theory that the claimants had sustained an occupational disease within the meaning of paragraph 28. In each of these cases the appellants contended that claimants contracted dust diseases within the meaning of article 4-A. In each instance we rejected that contention on the strength of medical testimony which revealed that article 4-A applied only to dust diseases within the pneumoconiosis classification, such as silicosis, anthracosis and siderosis.
Appellants are relying on Matter of Sturesky v. Straussman (263 App. Div. 771, leave to appeal denied, 287 N. Y. 855) and Matter of Withers v. duPont deNemours & Co. (266 App. Div. 928). These cases do not aid appellants. Following the affirmance of an award under article 4-A in the Sturesky case the board reconsidered it, determined that its prior decision was erroneous, rescinded it and made an award under paragraph 28 as an occupational disease. As previously indicated the new award was affirmed by this court (273 App. Div. 1036) and the Court of Appeals declined to review our decision (298 N. Y. 937).
In the Withers case (supra) the claimant was exposed mainly to copper graphite silicates and 1% from silica which brought the case within article 4-A as a pneumoconiosis disease.
The evidence sustains the finding of the board that claimant was disabled and that his disease was contracted subsequently to May 1,1944. True it is that there is some evidence that claimant was absent from work for short intervals in 1942 and 1944. *87 However, there is no evidence that he contracted any of the diseases in question during either of these years. It is undisputed that claimant worked for the employer and was exposed to grain dust during the entire period between May 1, 1944 and June 24, 1945. He was compelled to cease work on September 12, 1945, as a result of his condition of emphysema, bronchitis and asthma, which, according to the medical testimony was due to the nature of. his employment. The determination of the date of the contraction of the disease and of the date of disablement involved questions of fact under the provisions of sections 40 and 42 of the Workmen’s Compensation Law. The board fixed the date of disablement as September 12,1945. Its determination is final (Matter of Weixler v. Schlegelmich Bros., 272 App. Div. 850; Matter of Connell v. Walsh Constr. Co., 265 App. Div. 1024).
The appellants are not entitled to an apportionment of the award. Section 44 of the Workmen’s Compensation Law provides that “ The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted * *
Appellants rely on the second sentence in this section which states that if such disease was contracted while such employee was in the employ of a prior employer, “ the employer who is made liable for the total compensation as provided by the section, may appeal to the board for an apportionment of such compensation among the several employers * *
In the case before us the proof discloses that the disease was not contracted by claimant while in the employ of a prior employer. Then too, appellants made no application either to the referee or to the board for an apportionment of compensation until after the award was made. No prior employer was made a party to the proceeding. After the award was made the appellant insurance carrier individually, asked for an apportionment in its application for review. The employer made no such application nor did the carrier make one on behalf of the employer. It is only an employer who may make the application. The carrier has no standing to do so.
The award should be affirmed, with costs to the Workmen’s Compensation Board.
Postee, P. J., Bbewsteb, Santby and Bebgan, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board.