Appeal by the State Insurance Fund, as carrier, from an award of compensation. The controversy is really between the State Fund and the Special Fund for Reopened Cases. It seems clear from the record that claimant did everything within her power to bring to the attention of those concerned the fact that she sought to reopen her case, well within the statutory time limits prescribed by section 25-a of the Workmen’s Compensation Law. Under all of the circumstances the board was justified in finding that the ease was reopened October 9, 1946, which was within seven years from the date of disability. Consequently, section 25-a of the Workmen’s Compensation Law does not go into operation and the question whether or not that statute was tolled for the period during which an earlier appeal was pending is academic. If that question were involved, however, we would be inclined to agree with the conclusion reached by the Workmen’s Compensation Board, to the effect that the appeal taken as it was by the State Insurance Fund did toll the statute so as to continue its liability during the pendency thereof. (Matter of Sturesky v. Straussman, 273 App. Div. 1036, motion for leave to appeal denied 298 N. Y. 937.) Matter of Bellini v. Great Amer. Ind. Co. (299 N. Y. 399) is not contrary to this view, since neither the employer nor the carrier were parties to the appeal nor concerned with it. Moreover, the ease di'd not concern merely the reopening of a claim, but a determination on the merits after the statutory time had run. Award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ. [See 278 App. Div. 593.]