In the Matter of the Claim of ROY G. WALKER, Respondent, against SYMINGTON GOULD CORP. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier appeal from decisions and awards of the Workmen's Compensation Board holding them liable for compensation on the reopening of a claim under section 25-a, and discharging the Special Fund for Reopened Cases from liability. Claimant was previously awarded compensation for disability growing out of an injury sustained on November 16, 1940, in the course of his employment. The case was closed May 21, 1941, and the last payment of compensation was made May 23, 1941. On February 16, 1948, he filed application

to reopen his case. In the interim, and from June 19, 1943 until March 1, 1944, a period of eight months and twelve days, he served in the United States Navy. The facts here are not in dispute. The sole question is whether sections 304 and 308 of the Military Law operated to diminish the time limitation of section 25-a in favor of said Special Fund. The language of such law confines the limitation for the " bringing of suits ' by or against any person in military service ' to the person actually in the armed services. It is personal in nature and cannot be extended to relieve or protect a third person from the operation of the limiting statute." (*Matter of Bellini* v. *Great Amer. Ind. Co.*, 299 N. Y. 399, 403.) In the course of the hearings the Special Fund, citing *Matter of Sturesky* v. *Straussman* (273 App. Div. 1036) urged that the period of claimant's military service did not run against him if prejudicial to him. Later his attorney claimed prejudice. Taking cognizance of that position the board, finding no evidence in the record of such prejudice, restored the case to the referee's calendar to permit submission of proof on that point. At a subsequent hearing claimant's attorney stated he had no proof for his assertion of prejudice except the statute itself as being prejudicial to every claimant whose case falls within section 25-a. The board has made no finding of prejudice. Its award was for disability within the retroactive two-year period prior to the application for reopening. Military Law did not toll the time limitation of section 25-a so as to relieve the Special Fund from liability. Decisions and awards reversed, on the law, and the matter remitted to the Workmen's Compensation Board for such action as it may be advised, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.