In the Matter of the Claim of ARTHUR S. SCHECHTER, Respondent, against STATE INSURANCE FUND, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 8, 1953.

*George J. Hayes, Bernard Katzen* and *Victor Fiddler* for appellant.

*H. D. Robinson* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Per Curiam.* Claimant sustained a compensable accidental injury on October 27, 1941, and was disabled for various periods ending on March 19, 1943. On October 15, 1943, the case was closed without prejudice. Claimant served in the military service from October 13, 1943, to August 25, 1945. He applied for reopening on September 28, 1949. He makes no claim for compensation after 1943 down to the time of his application for reopening. With these dates in mind, it is clear that more than seven years elapsed between the date of the accident and the date of reopening, and more than three years elapsed between the date of the last payment of compensation and the date of reopening. Under these circumstances the express terms of section 25-a impose liability on the Special Fund. '' The sole criterion under section 25-a is the passage of time.'' (*Matter of Casey* v. *Hinkle Iron Works,* 299 N. Y. 382.)

It is urged that sections 304 and 308 of the Military Law tolled the time limitation during claimant's military service in favor of the Special Fund. Both the statute and judicial decisions are clear that the benefit is purely personal and may not be extended to relieve or protect others. (*Matter of Bellini* v. *Great Amer. Ind. Co.,* 299 N. Y. 399; *Matter of Walker* v. *Symington Gould Corp.,* 282 App. Div. 785.)

The assertion of prejudice to claimant because he might be required to obtain the authorization of the chairman of the Workmen's Compensation Board for future medical expenses is without merit. Procedural requirements of the Workmen's Compensation Law or the rules of the board may not be said to be so burdensome as to constitute a '' prejudice '' within the meaning of the law. There is no evidence to support a finding of prejudice.

The decisions and award should be reversed and the matter remitted to the Workmen's Compensation Board for proceedings in accordance herewith, with costs to appellant against the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Decisions and award reversed and the matter remitted to the Workmen's Compensation Board for proceedings in accordance herewith, with costs to appellant against the Workmen's Compensation Board.