In the Matter of the Claim of HOWARD C. GREENWALD, Respondent, against ELECTRO METALLURGICAL Co. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent,

Third Department, October 20, 1954.

*Victor Fiddler, Bernard Katzen* and *George J. Hayes* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky, Roy Wiedersum* and *Harry Pastor* of counsel), for Workmen's Compensation Board, respondent.

*William Lupton* for claimant-respondent.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Per Curiam.* The question in this case is whether the employer or the Special Fund for Reopened Cases is liable for compensation upon the reopening of the case. The claimant suffered a back injury while in the employ of the National Grinding Wheel Co., on August 9, 1939. Compensation for one week was paid and the case was closed. The claimant enlisted in the United States Navy on March 18, 1942, and remained in service until he was discharged on September 27, 1945.

In the early part of August, 1949, claimant suffered an attack of lower back pain which the board has found is attributable to the original accident which had occurred ten years before.

On September 12, 1949, claimant filed an application for a reopening of the case. The case was reopened on December 27, 1949. More than seven years had elapsed after the happening of the accident and more than three years had elapsed after the last payment of compensation so that prima facie the liability was shifted from the employer to the Special Fund by section 25-a of the Workmen's Compensation Law. However, if the period of naval service was deducted, pursuant to sections 304 and 308 of the Military Law, there would remain less than seven years between the date of the occurrence of the accident and the date of the filing of the application for reopening.

The Special Fund is not entitled to the benefit of the Military Law in determining the running of the periods of time specified in section 25-a. However, it has been held that, if the shifting of liability from the employer to the fund under section 25-a would cause prejudice to the claimant, the Military Law may be invoked to prevent the shift, with the result that the Special Fund would fortuitously get the benefit of the Military Law provisions (*Matter of Sturesky* v. *Straussman,* 273 App. Div. 1036, motion for leave to appeal denied 298 N. Y. 937). The Court of Appeals cast doubt upon the soundness of this holding in *Matter of Bellini* v. *Great Amer. Ind. Co.* (299 N. Y. 399, 405), the court pointing out that " the ruling depended in part upon the circumstance that the claim had not been closed ". But even under the *Sturesky* ruling, no prejudice was established in this case.

It appears that the claimant had incurred bills for medical treatment from August 8, 1949, to February 14, 1950, and the board found that the claimant's right to obtain payment of these bills would be prejudiced if the liability were shifted to the fund. This conclusion was based upon the provision of subdivision 2 of section 25-a to the effect that " Claims for further services or treatment rendered   *   *   *   shall be paid from such fund when such service, treatment or supplies shall be authorized by the chairman ". The board held that, if the liability were shifted to the fund, the claimant would have to bear the bills without reimbursement, because he had not obtained prior authority for the incurring of the bills, whereas, if the employer were held liable, the employer would be required to pay the bills notwithstanding the absence of prior authorization.

The principal question arises with respect to the portion of the medical bills which was incurred prior to the application for the reopening of the case. Section 25-a authorizes the board to make a retroactive award against the fund for a period of not longer than two years immediately preceding the date of the filing of the application for reopening. In this case, the medical treatment commenced less than one month prior to the filing of the application. The term compensation includes medical expenses (*Matter of Wyski* v. *Brewer Dry Dock Co.,* 251 App. Div. 769). The word " award " as used in the sentence authorizing a retroactive award, is broad enough to include a direction to pay medical bills. The same word is used earlier in the section in providing for the shifting of liability from employer to the fund and, in that provision, it has been held

to embrace all liability under the Workmen's Compensation Law, including liability for medical expenditures (*Matter of Casey* v. *Hinkle Iron Works,* 299 N. Y. 382).

A retroactive award under section 25-a may include medical bills despite the fact that no prior authority had been obtained for the incurring of the expense. Ordinarily, a claimant would have no opportunity to obtain prior authorization for medical treatment, if such treatment became necessary upon a recurrence of the injury after the case had been closed and before an application for reopening had been made. There is no reason to attribute to the Legislature an intent to deny the claimant a right to reimbursement for such medical bills, simply because the liability is chargeable against the Special Fund. The board would, of course, still have full authority to review the reasonableness and propriety of the bills in determining whether to make an award for them.

The provision of subdivision 2 of section 25-a, relied upon by the board, is given ample scope if it is held to be applicable to " further " medical expense incurred after the reopening of the case. It may well be that after that date a claimant is required to obtain prior authorization for future medical expense but this requirement is not " so burdensome as to constitute a ' prejudice ' within the meaning of the law " (*Matter of Schechter* v. *State Ins. Fund,* 283 App. Div. 19, 20).

The decision and award of the Workmen's Compensation Board should be reversed and the case remitted to the board for further proceedings in accordance with this memorandum.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision and award of the Workmen's Compensation Board reversed and the case remitted to the board, with costs to the State Insurance Fund against the Workmen's Compensation Board.