In the Matter of the Claim of MARIA BORELLI, Respondent, against ROCHESTER TRANSIT CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 28, 1954.

*John M. Cullen* for Special Fund for Reopened Cases, appellant.

*Morgan F. Bisselle* and *Warren C. Tucker* for Rochester Transit Corporation and another, appellants.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

ZELLER, J. On this appeal, arising from a workmen's compensation proceeding, we are asked to determine whether a letter — hereinafter quoted — constitutes a notice of claim and, if we give an affirmative answer, whether payments of death benefits shall be made by the Special Fund or by the insurance carrier.

While in the course of his employment on June 30, 1942, John Borelli sustained accidental injuries which resulted in his death on July 2, 1942. At a hearing before the referee on September 11, 1942, information was given that the decedent was survived by a widow living in Italy. In the absence of any claim by her, a direction was made that a nephew be reimbursed to the extent of $200 for funeral expenses paid by him and that the case be adjourned for two years. Section 28 of the Workmen's Compensation Law provides that the right to death benefit compensation shall be barred unless within two years from the date of death a claim shall be filed with the chairman of the board. On November 20, 1944, no claim having been filed by the widow, the referee made an award to the special funds and closed the case.

Shortly after July 11, 1949, the following letter was received by the Workmen's Compensation Board from the attorneys for the Italian Consul General in New York:

" Re: John Borelli vs. Rochester Transit Corporation * * *

" We are the attorneys for the Italian Consul General at New York, who has requested us to inquire into the above entitled matter.

" John Borelli died in 1943 as a result of an accident occurred in Rochester, N. Y., where he was employed by the Rochester Transit Corporation — P. O. BOX 139 — Rochester, N. Y. The heirs in Italy have inquired at the Italian Consulate General as to the insurance and compensation benefits to which they may be entitled.

" We have contacted the Utica Mutual Insurance Company, who was the compensation carrier at the time of the accident. This Company advised us that this matter is under the jurisdiction of your Board, and that any claim made by the widow should be referred to your board.

" We would appreciate your advising us as to the status of this matter.

" Thanking you for your kind cooperation, we remain."

The board replied on July 19, 1949, stating " we have no record of a compensation case on the death of John Borelli. We are forwarding to you with this letter, the necessary death forms to be completed if the widow intends to file a claim for death benefits ". A claim for death benefits was thereafter executed by the widow in Italy and was filed with the board on February 14, 1950.

On the date of decedent's death and until the Treaty of Peace with Italy was proclaimed by the President effective September 15, 1947, a state of war existed between the United States and Italy. The Treaty of Peace (61 U. S. Stat. 1476) provides, in part: " All periods of prescription or limitation of right of action or of the right to take conservatory measures in respect of relations affecting persons or property, involving United Nations nationals and Italian nationals who, by reason of the state of war, were unable to take judicial action or to comply with the formalities necessary to safeguard their rights, irrespective of whether these periods commenced before or after the outbreak of war, shall be regarded as having been suspended, for the duration of the war ".

Section 27 of the Civil Practice Act provides: " Where a person is disabled to sue in the courts of the state by reason of either party being an alien subject or citizen of a country at war with the United States, whether the cause of action arose during or prior to the period of such disability, the time of the continuance of the disability is not a part of the time limited for the commencement of the action."

The board has found that the provisions of section 27 applied and that the time within which to file a claim for death benefits did not begin to run until the Treaty of Peace with Italy became

effective on September 15, 1947; that the letter from the attorneys for the Italian Consul General written on behalf of the widow was received by the board between July 11 and July 19, 1949, and constitutes a notice of claim; and that the filing of the claim within two years from the effective date of the Treaty of Peace was timely. The board awarded death benefit compensation to the widow and directed it to be paid by the Special Fund for Reopened Cases. It rescinded its previous award made to the special funds (as provided in those cases where no dependency claims have been filed) and directed a refund to the insurance carrier.

The employer and insurance carrier appeal from the decision of the board insofar as it holds that the widow's claim was timely. The Fund for Reopened Cases appeals from the award against it on the ground that the claim for death benefits was not timely and that if held to be valid it should be paid by the insurance carrier and not by the fund.

We turn first to the question of whether the claim was filed within the time permitted by statute. It seems to be conceded by the employer and carrier and by the Special Fund that the provisions of the Treaty of Peace and section 27 of the Civil Practice Act operate to extend the requirements of section 28 of the Workmen's Compensation Law to a period two years after the effective date of the Treaty of Peace or until September 15, 1949. However, it is strongly contended that no proper claim was made within the two-year period after the removal of the legal disability. To reach that conclusion, we must determine that the letter received by the board from the attorneys for the Italian Consul General sometime between July 11, 1949 and July 19, 1949, does not constitute a sufficient claim for death benefits on behalf of the widow within the meaning of the Workmen's Compensation Law. We are not so persuaded. Under the facts and circumstances of this case, we believe the letter was sufficient to indicate the widow's intention to claim compensation. The letter was captioned '' Re: John Borelli vs. Rochester Transit Corporation '' and refers specifically to '' insurance and compensation benefits ''. It appears therein, too, that the attorneys had previously communicated with the insurance carrier and had been advised that '' any claim made by the widow should be referred to your board ''. It appears from the record that the board had had notice of the existence of the widow in Italy from the date of the first hearing on September 11, 1942.

In *Matter of Kaplan* v. *Kaplan Knitting Mills* (248 N. Y. 10) the court said at page 13: " The notice, therefore, of injury and the claim for compensation are sufficient when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made." And, at page 17: " Any notice which conveys to the Commissioner that the widow is claiming the compensation and benefits of the Workmen's Compensation Law is sufficient. * * * In fact, the law presumes that a sufficient notice of claim has been given. Such is the liberality with which this law is to be construed. Section 21 provides: ' In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary * * * that sufficient notice thereof was given.' "

Concluding then, as we do, that the letter contains sufficient words to constitute a notice of claim, we turn now to the question of whether the award based thereon should be paid by the insurance carrier or the Special Fund for Reopened Cases. Section 25-a of the Workmen's Compensation Law provides that when an application is made for compensation by an employee or for death benefits in behalf of the dependents of a deceased employee either (1) after a lapse of seven years from the date of the injury or death and a claim for compensation previously has been disallowed or otherwise disposed of without an award or (2) after a lapse of seven years from the date of the injury or death and of three years from the date of the last payment of compensation, testimony may be taken and an award made notwithstanding any other provision of the Workmen's Compensation Law. The section further provides that any such award shall be made against the Fund for Reopened Cases and shall not be retroactive for a period of disability or for death benefits longer than two years immediately preceding the date of filing the application. It is entirely clear that more than seven years elapsed between the death of decedent (July 2, 1942) and the notice of claim (July 11, 1949). Under the provisions of section 25-a, the award should be chargeable to the Special Fund. However, the Special Fund urges that section 25-a should not apply because, in computing the seven-year period it too is entitled to the benefit of the provisions of section 27 of the Civil Practice Act and the Treaty of Peace with Italy, and that by tolling the limitations, less than seven years must be deemed to have elapsed, thus making the carrier liable for all payments.

In determining the running of the periods of time specified in section 25-a, the Special Fund *alone* is not entitled to the benefit of section 308 of the Military Law which provides that the period of military service shall not be included in computing any period limited by law for the bringing of any action or proceeding. (*Matter of Schechter* v. *State Ins. Fund,* 283 App. Div. 19.) However, in the Military Law cases, it has been held that if a claimant would be prejudiced if the Special Fund were liable because of the limited retroactive liability, then such period of military service would toll the time provisions of section 25-a. (*Matter of Sturesky* v. *Straussman,* 273 App. Div. 1036, motion for leave to appeal denied 298 N. Y. 937.) A similar doctrine may be applied in this case. The widowed claimant would be prejudiced if the applicable limitation of time contained in section 25-a were applied and the Special Fund held liable in that the amount of her award would be restricted to a period of two years immediately preceding the date of filing of her application for benefits.

There is, we believe, an additional reason for reaching the result we do. We mention it because the Court of Appeals in *Matter of Bellini* v. *Great Amer. Ind. Co.* (299 N. Y. 399) has cast doubt upon the soundness of the " prejudice " theory. The claimant was a nonresident enemy alien and, as such, was barred from access to our courts and administrative tribunals. (Cf. Civ. Prac. Act, § 27.) The Treaty of Peace provision previously quoted uses the broadest of terms in stating that *all* periods of prescription affecting the rights of Italian nationals unable to protect their rights because of the war shall be regarded as suspended for the duration of the war. This, in effect, is a general stay of the running of all periods of limitations affecting the rights of citizens of Italy who were prevented by the war from pursuing them. It operates not only to toll the limitation of time contained in section 28 of the Workmen's Compensation Law to allow this claimant to file her claims but it also tolls the period of prescription set forth in section 25-a to permit her to obtain death benefits from the date of her husband's death. By tolling the latter, less than seven years must be deemed to have elapsed between the date of death and the filing of the claim and the insurance carrier and not the Special Fund should be required to pay the death benefit award.

The decisions and awards insofar as they grant compensation in the form of death benefits should be affirmed and insofar as they direct such compensation to be paid by the Special Fund

should be reversed, with costs to the Special Fund against the Workmen's Compensation Board, and the case remitted for further proceedings not inconsistent herewith.

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Decisions and awards insofar as they grant compensation in the form of death benefits affirmed, and insofar as they direct such compensation to be paid by the Special Fund reversed, with costs to the Special Fund against the Workmen's Compensation Board, and the case remitted for further proceedings not inconsistent herewith.