In the Matter of the Claim of DOMINICO MARRAMAO, Respondent, against MANHATTAN COAT COMPANY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, July 9, 1956.

John M. Cullen for appellant.

Dominico Marramao, claimant-respondent in person.

Jacob K. Javits, Attorney-General (Daniel Polansky and Roy Wiedersum of counsel), for Workmen's Compensation Board, respondent.

Per Curiam. Claimant sustained an industrial accident in the nature of a right inguinal hernia on February 14, 1947. He was furnished with a truss but lost no time from work. On July 22, 1947 the case was closed by the board, "pending

operation subject to authorization required by law." On July 9, 1954 more than seven years after the accident and more than three years after the last payment of compensation, claimant filed an application to reopen, asserting that he had become disabled as a result of the original accident. It then appeared that on July 1, 1954 slightly more than a month prior to his application to reopen, claimant had undergone a herniorrhaphy. Ordinarily it would be a clear case of liability for compensation to be imposed upon the Special Fund, and the fund has paid compensation for claimant's disability following the operation. The only contention of the Special Fund is that it should not be subjected to liability for the expense of the operation, because claimant did not obtain authority from the chairman of the board and concededly no emergency existed.

We think the fund's contention is sound. Subdivision (5) of section 13-a of the Workmen's Compensation Law provides: "No claim for specialist consultations, surgical operations, or physiotherapeutic procedures costing more than twenty-five dollars shall be valid and enforceable, as against such employer, unless such special services shall have been authorized by the employer or by the board, or unless such authorization shall have been unreasonably withheld, or unless such special services are required in an emergency." This provision must be read together with the provision of section 25-a authorizing a retroactive award against the Special Fund for a period of two years immediately preceding the date of filing of the application for the reopening of the case. The retroactive award may include medical expenses incurred during the two-year period (*Matter of Greenwald* v. *Electro Metallurgical Co.*, 284 App. Div. 706), but it may include only such expenses as could have been charged against the employer in the first instance without specific authorization. The Special Fund may not be held liable for medical expenses for which the employer could not have been held liable, if the claim had been made against the employer within the statutory time limits. Since the expense involved in this case was that of a surgical operation costing more than $25, and since it is conceded that no emergency existed, an award cannot be made for that expense in the absence of prior authorization.

The *Greenwald* case is not in conflict with this conclusion. The question involved in that case was whether the shifting of liability from the employer to the Special Fund under section 25-a would cause a prejudice to the claimant so that the provisions of the Military Law might justifiably be invoked to toll the running of the statutory periods specified in section 25-a.

It was argued by the Attorney-General in that case that the medical bills incurred without authorization during a period of one month prior to the application to reopen the case would be payable by the employer, if the employer were held liable upon the reopening of the case, but that the bills would not be payable by the Special Fund, if the liability for the claim were shifted to the Special Fund, upon the ground that the Special Fund could not be held liable for any medical bills unless they were previously authorized by the chairman of the board under subdivision 2 of section 25-a. We held that notwithstanding this subdivision, a retroactive award against the Special Fund under section 25-a might include medical bills incurred during a period of two years preceding the application for the reopening of the case, and that therefore no prejudice would be suffered by the claimant if the liability for the claim were shifted from the employer to the Special Fund. No question was involved in that case as to the need for authorization under subdivision (5) of section 13-a for the incurring of bills for special services in order to hold either the employer or the Special Fund liable.

In this case, when the case was closed, the decision read: '' Causal relation established, Right inguinal hernia. Closed pending operation subject to authorization required by law.'' The surgeon who performed the operation testified: '' Q. When a case is more than seven years old you have got to get the authorization from the Chairman. A. We usually do that, and I don't know how we missed up.''

The award should be reversed and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, COON, ZELLER and GIBSON, JJ., concur.

Award reversed and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board.