In the Matter of the Claim of FRANK LONGO, Respondent, against M & F AUTO WRECKERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board in a reopened case which discharged the Special Fund for Reopened Cases from liability under section 25-a of the Workmen's Compensation Law and held the employer liable for the amount of the award. The claimant suffered an injury to his right hand on December 21, 1946, when he was 18½ years old. An award was made to the claimant for temporary disability; the last payment of compensation was made on March 10, 1947. On October 23, 1947, his compensation case was closed for nonappearance. On September 27, 1954, the claimant made application for a reopening of the case; the application was granted and the board made a schedule award for a 10% loss of use of right hand against the appellants. The appellants contended that, the application for reopening having been made more than seven years after the date of the accident and more than three years after the last payment of compensation, the award should have been made against the Special Fund under section 25-a of the Workmen's Compensation Law. The Special Fund contended, and the board upheld it in its contention, that the running of the statutory periods had been tolled by infancy, under the provision of section 115 of the Workmen's Compensation Law that "No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian". In our opinion, the board erroneously invoked section 115 in this case. The statutory periods specified in section 25-a do not constitute a Statute of Limitations so far as the claimant is concerned; they merely determine whether the award is to be made against the employer or against the Special Fund. In an analogous situation, it has been held that section 308 of the Military Law, tolling the Statute of Limitations with respect to persons in military service, does not affect the operation of section 25-a, unless the claimant would be prejudiced if he were compelled to have recourse to the Special Fund instead of his employer (*Matter of Sturesky* v. *Straussman*, 273 App. Div. 1036; *Matter of Bellini* v. *Great Amer. Ind. Co.*, 299 N. Y. 399; *Matter of Greenwald* v. *Electro Metallurgical Co.*, 284 App. Div. 706). It does not appear that any prejudice would be suffered by the claimant in this case if the award were made against the Special Fund instead of the employer (*Bellini* case, *supra*, p. 404). The memorandum decision in *Matter of Pytel* v. *Carborundum Co.*, (273 App. Div. 832, motion for leave to appeal denied 297 N. Y. 1040) upon which the board relies in its decision, should be limited to its particular facts, despite the broad language of the memorandum. In that case, the claimant sought compensation for a period prior to the two-year retroactive period for which the Special Fund may be held liable under section 25-a and therefore he would have been prejudiced if he had been compelled to seek recovery from the Special Fund. Hence it was properly held that the running of the statutory periods under section 25-a was tolled during the period of the mental incompetency of the claimant. Decision of the Workmen's Compensation Board reversed, with costs to the appellants against the Special Fund for Reopened Cases, and the case is remitted to the board for further proceedings not inconsistent with this memorandum. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.