■ In the Matter of the Claim of FRANK MAYR, Respondent, against HERMAN PRICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employers and their insurance carrier from a decision and award of the Workmen's Compensation Board for disability due to bronchial asthma (with concomitant emphysema and bronchitis) which the board found to be an occupational disease contracted in claimant's employment as a baker by exposure to dust, fumes, flour, molds and yeast, to which claimant was allergic. The board held further that the bronchial asthma was caused by claimant's 42 years of employment as a baker, including that with appellant employers — the last in which he was exposed to the offending agents. There was substantial evidence that claimant's condition was aggravated by reason of this last employment and that the resulting condition was an occupational disease under the statute, as has been recognized in similar cases. (See, e.g., *Matter of Hendler* v. *Cayton Bakery*, 270 App. Div. 862, motion for leave to appeal denied 295 N. Y. 989; *Matter of Chalmers* v. *Case*, 265 App. Div. 897, motion for leave to appeal denied 290 N. Y. 929.) Appellants' contentions as to the medical proof found by the board to support the award actually go to the weight of that evidence and that, of course, was for the board. We fail to find in it the fatal inconsistencies which appellants assert. We find without merit, also, appellants' contention that an award for aggravation of a disease pre-existing the subject employment violates section 40 of the Workmen's Compensation Law and in effect destroys the time limitations therein provided. It is well established that predisposition (and here there was an allergy) to an occupational disease does not debar from compensation if claimant develops what (as here) "would ordinarily be an occupational disease", and that aggravation of a pre-existing condition is denied compensation only if that condition was "not occupational in nature." (*Matter of Detenbeck* v. *General Motors Corp.*, 309 N. Y. 558, 561, 562.) These concepts would be in large part vitiated by appellants' theory as to the application of

section 40 in cases of aggravation. It seems clear that a disabling condition resulting from aggravation and such as to qualify (under *Detenbeck* and like authorities) as an occupational disease, is necessarily to be deemed a new disease for purposes of an award and as respects section 40 as well. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.