Per Curiam.

The order of the Appellate Division vacating the decision of the Workmen’s Compensation Board should be reversed and the decision of the board reinstated, without costs. The ultimate effect of this decision, however, is the same as that reached at the Appellate Division. That court in vacating the board’s determination affirming the Beferee’s decision imposing liability on the Special Fund, in effect left the Beferee’s decision unchanged. Our present decision affirming the board’s ruling also results in an affirmance of the Beferee’s decision. The important procedural difference is the Fund’s right of review under section 23 of the Workmen’s Compensation Law. The *29 Appellate Division Reid the board was without jurisdiction to review.
The rnling, in part made by the Chairman of the board and in part by the board and its Referee, imposed liability on the Special Fund for medical care longer than 18 years after accident and 8 years after the last payment of compensation pur-snant to subdivision 2 of section 25-a and to section 128 of the Workmen’s Compensation Law. A Referee and the board fonnd cansal relation between the accident and the need for medical care here in issue. The Referee referred to the Chairman nnder his power created by subdivision 2 of section 25-a the portion of such authorization for medical care as was retroactive. It was approved by him conditionally depending on a finding by the board of relationship to the accident.
Although no application was made by the Fund to review the Referee’s decision under section 23 of the Workmen’s Compensation Law as a preliminary to appeal, an objection to the approval of medical service was addressed to the board by the Fund, and a further objection and application for review was made by the Fund after the board had ruled the Fund responsible. Until this time, both the Referee’s decision and the Chairman’s approval were conditional. Throughout the proceedings the approval and the finding of relationship were closely related and interdependent. When a decision of the Chairman under subdivision 2 of section 25-a is independent of board implementation, it may be necessary to review it separately in an article 78 proceeding since under the literal wording of the statute the board has no express power to review this kind of a decision of its Chairman.
But where the process is a closely integrated series of related and dependent procedural steps involving decisions by the Referee, the board and the Chairman, as is shown in this record, the board has jurisdiction under the usual review practice (Matter of Daum v. Rochester State Hosp., 21 A D 2d 953). The alternative would be to segment review partly in the Special Term and partly in the board and the Appellate Division, a result which should be avoided in the absence of specific statutory direction. The Special Fund took steps to protest in writing the action being taken by the Chairman and the board promptly as it became apparent its rights were affected; and *30 thus it preserved the right to appeal to the Appellate Division. The order of the Appellate Division was final since, by vacating the board’s decision it left the ruling of the Fund’s liability stand; and the Fund was aggrieved by the order vacating the decision since it was deprived of a review on the merits.
On the merits the board was right in holding the Fund responsible and there is no statutory impediment to retroactive responsibility (cf. Matter of Greenwald v. Electro Metallurgical Co., 284 App. Div. 706).
Chief Judge DesmoND and Judges Fuld-, VaN Voorhis, Burke, Scileppi, BergaN and KeatiNg concur in Per Curiam opinion.
Order reversed, etc.