**Richard Thomas CARR and Doreen Carr, Appellants,**

v.

**UNITED STATES of America, William Granville Reynolds, Sr., and Joseph B. Biggs, Appellees.**

**No. 13500.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1970.

Decided Feb. 27, 1970.

---

Bernard S. Cohen, Alexandria, Va.
(Cohen, Hirschkop, Hall & Jackson, Alexandria, Va., on brief), for appellants.

Daniel Joseph, Atty., Dept. of Justice (William D. Ruckelshaus, Asst. Atty. Gen., and Morton Hollander, Atty., Dept. of Justice, and Stephen H. Sachs, U. S. Atty., on brief), for appellees.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

This action for personal injuries resulting from an automobile accident was first removed from a state court under the Federal Drivers Act, 28 U.S.C.A. §§ 2679(b)–(e), and subsequently dismissed as untimely under the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b). We affirm.

On December 8, 1965, Richard T. Carr was injured in a collision between an automobile operated by Robert D. Mitchell and another vehicle. At the time of the accident both Carr and Mitchell were federal employees acting within the scope of their employment. On March 6, 1968, over two years after the accident, Carr instituted suit for personal injuries in a Maryland Court against Mitchell.[1] Upon the certification that at the time of the accident Mitchell had been a federal employee acting within the scope of his employment, the action was removed to the district court pursuant to the Federal Drivers Act, 28 U.S.C.A. §§ 2679(b)–(e), and 28 U.S.C.A. §§ 1441(c), 1442(a)(1), 1446(d). Simultaneously, the United States was substituted for Mitchell as defendant on the ground that the Drivers Act, 28 U.S.C.A. § 2679(b), made the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), the exclusive remedy for injuries resulting from the operation of a motor vehicle by a government employee acting within the scope of his employment. At a later date, the district court granted the government's motion to dismiss on the ground that since the action had been commenced more than two years after the accident, it was barred by the limitations provision of the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b).

In this Court Carr argues (1) that the Drivers Act is an unconstitutional abrogation of a government employee's common law right of action against a fellow-employee for negligence; (2) that the Federal Employees' Compensation Act, 5 U.S.C.A. § 8116(c), requires a remand to the state courts under the Drivers Act, 28 U.S.C.A. § 2679(d); (3) that the Drivers Act violates the due process clause of the fifth amendment by restricting the abrogation of the common law right of action to cases which involve motor vehicles; and (4) that the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 525, tolls the limitations provision of the Tort Claims Act.[2]

The Drivers Act was enacted to relieve government employees of the burden of personal liability for accidents which occurred on the job; for unlike many employers, the United States neither maintained liability insurance which protected its employees nor assisted them in paying for their own insurance against on-the-job accidents. Uptagrafft v. United States, 315 F.2d 200, 204 (4 Cir. 1963); H.R.Rep. No. 297, 87th Cong., 1st Sess. (1961); S.Rep. No. 736, 87th Cong., 1st Sess. (1961), reprinted in 2 U.S. Code Cong. & Admin. News 1961, at p. 2784 (1962); 107 Cong.Rec. 18,499–500 (1961). *See generally* Annot., 16 A.L.R.3d 1394, 1402 (1967). To accomplish this purpose 28 U.S.C.A. § 2679(b) excludes actions

---

1. Carr's wife also brought suit for loss of consortium. Our holding that Carr's claim was untimely makes it unnecessary to distinguish between the two actions.

2. The district judge refused to consider the first three arguments on the ground that they had not been timely asserted under the district court's local rules. The district judge was well within the range of his discretion in this ruling. Ledwith v. Storkan, 2 F.R.D. 539, 542, 544–545 (D.Neb.1942); 6 W. Moore, Federal Practice ¶ 55.10 [4], at 1837–42 (2d ed. 1966); *see* Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251 (4 Cir. 1967). However, we prefer to consider Carr's contentions on their merits.

against employees for injuries which result from the employee's operation of a motor vehicle while within the scope of his employment. H.R.Rep. No. 297, 87th Cong., 1st Sess. 4 (1961). It provides:

"The remedy against the United States provided by * * * [the Federal Tort Claims Act] * * * for personal injury * * * resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his * * * employment, shall hereafter be exclusive of any other civil action * * * by reason of the same matter against the employee or his estate whose act or omission gave rise to the claim."

28 U.S.C.A. § 2679(b), as amended by the Act of July 18, 1966, Pub.L. No. 89–506, § 5(a), 80 Stat. 306, 28 U.S.C.A. § 2679(b).³

The Drivers Act had an apparently uncontemplated but not necessarily incongruous impact on federal employees injured by government drivers. Prior to the Act a government employee who sustained injuries as a result of the negligence of a fellow-employee acting within the scope of his employment was not restricted to the remedy against the United States provided by the Employees' Compensation Act, 5 U.S.C.A. §§ 751 et seq., 8101 et seq. He could also have brought a common law action against his co-worker for negligence. Allman v. Hanley, 302 F.2d 559 (5 Cir. 1962); Marion v. United States, 214 F. Supp. 320, 322–324 (D.Md.1963).

■ Congress apparently did not specifically consider whether or not this cause of action against a fellow government employee should survive. Gilliam v. United States, 407 F.2d 818, 819 (6 Cir. 1969) (Combs, J., concurring). Nevertheless, abrogation is well within the ambit of the statutory language:

"[t]he remedy against the United States * * * shall * * * be exclu-

sive of any other civil action * * * against the employee * * *."

28 U.S.C.A. § 2679(b), as amended by the Act of July 18, 1966, Pub.L. No. 89–506, § 5(a), 28 U.S.C.A. § 2679(b). Any other result would undermine the Act's purpose to protect government drivers from all liability. We, therefore, agree with the holdings of other circuits that the Drivers Act abrogates a federal employee's common law right of action against a government driver who is acting within the scope of his employment. Van Houten v. Ralls, 411 F.2d 940 (9 Cir. 1969); Gilliam v. United States, 407 F.2d 818 (6 Cir. 1969); Vantrease v. United States, 400 F.2d 853 (6 Cir. 1968).

■ Carr does not seriously question this interpretation of the Act. But he does argue that abrogation without the creation of some new benefit as a *quid pro quo* constitutes a violation of the due process clause of the fifth amendment. We are not persuaded.

First, the argument's premise was rejected as unsound by the Supreme Court in Silver v. Silver, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221, 65 A.L.R. 939 (1929). There, in sustaining the abolition of a gratuitous passenger's right to sue his host for negligence, the Court held that:

"the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law * * *."

*Id.*, at 122, 50 S.Ct., at 58. There has been no indication that this is not the settled law on the question. *E. g.*, Clarke v. Storchak, 322 U.S. 713, 64 S. Ct. 1270, 88 L.Ed. 1555 (1944), dismissing appeal for want of a substantial federal question from 384 Ill. 564, 52 N.E. 2d 229 (1943).

Nothing in Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 48 S. Ct. 194, 72 L.Ed. 303 (1928), constitutes contrary authority. There the Supreme Court dealt with statutes whose com-

---

3. The changes instituted in section 2679(b) by the 1966 amendment have no significance in this case.

bined effect deprived a patent owner of his right to sue for infringement. But the patent in that case had been issued prior to the enactment of the relevant legislation. There was, therefore, a vested right in being which was sought to be abrogated. By contrast, here the accident occurred over four years after the enactment of the Drivers Act.[4] Therefore, under *Silver* Carr had no interest entitled to constitutional protection.

Second, we think that in any event Congress provided an adequate *quid pro quo* for the common law cause of action which it abolished. True, a Tort Claims Act remedy may not be available to Carr because of the exclusivity provision of the Employees' Compensation Act, 5 U. S.C.A. § 8116(c). Van Houten v. Ralls, 411 F.2d 940 (9 Cir. 1969); Vantrease v. United States, 400 F.2d 853 (6 Cir. 1968). But we need not decide this question now. Even assuming that the Tort Claims Act is not available, the Drivers Act is itself an adequate *quid pro quo*, for it provided Carr with valuable protection against personal liability for on-the-job automobile accidents for which he might have been responsible.

■ Carr also argues that if the Employees' Compensation Act's exclusivity provision does apply, the Drivers Act requires that his action against Mitchell be remanded to the state courts. In part the Drivers Act provides that if the action which has been removed

> "is one in which a remedy [under the Tort Claims Act] is not available against the United States, the case shall be remanded to the State court."

28 U.S.C.A. § 2679(d). Carr contends that if the Employees' Compensation Act's exclusivity provision bars his action under the Tort Claims Act, then necessarily his Tort Claims Act remedy

against the United States "is not available." Therefore, he concludes, his case against Mitchell must be remanded to the state courts.

This argument has been rejected by the only other courts of appeals to consider it. Van Houten v. Ralls, 411 F.2d 940 (9 Cir. 1969); Gilliam v. United States, 407 F.2d 818 (6 Cir. 1969); Vantrease v. United States, 400 F.2d 853 (6 Cir. 1968). They have held that within the meaning of the Drivers Act the Tort Claims Act remedy is "not available" *only* where the government driver was not acting within the scope of his employment. When the Tort Claims Act remedy is not available for any other reason, the remand provision does not apply.

We adopt this interpretation of the Act. While the statutory language does not by itself reject Carr's position, his theory would revitalize the common law action. Since this result would directly contradict the Act's immunizing purpose, we reject it.

■ Carr next contends that the Drivers Act violates the fifth amendment's due process clause by denying him equal protection. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The deprivation, he argues, results from the fact that abrogation is restricted to accidents which involve motor vehicles. Government employees can sue their co-workers for injuries sustained in any other job-related activity.[5]

■ The classification which the Drivers Act creates does not penalize the exercise of any constitutional right. As we have held, the right to sue a co-worker does not enjoy constitutional protection. Therefore, the classification need not be justified by "a *compelling* governmental interest." Shapiro v. Thompson, 394 U.S. 618, 634, 89 S.Ct. 1322, 22

---

4. The Drivers Act does not apply to accidents which occurred up to six months after its enactment. Pub.L. No. 87–258, § 2, 75 Stat. 539.

5. The Act of Oct. 31, 1965, Pub.L. No. 89–311, § 6(a), 79 Stat. 1156 (codified at 38

U.S.C.A. § 4116), extended like immunity to government medical personnel, but the Act was not effective at the time of the accident in this case. *Id.*, § 6(c). In any event, numerous other employees remain personally liable for on-the-job accidents.

L.Ed.2d 600 (1969) (emphasis in the original). Nor does the Act create a "suspect" classification, see, e. g., Korematsu v. United States, 323 U.S. 214, 216, 65 S.Ct. 193, 89 L.Ed. 194 (1944), or involve a "fundamental" interest. See, e. g., Reynolds v. Sims, 377 U.S. 533, 561–562, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). Thus, a rigorous standard of review would be inappropriate here. Rather, the statutory classification comes here clothed with a presumption of constitutionality and it "will not be set aside if any state of facts reasonably may be conceived to justify it." McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

■ The legislative history to which we have already referred makes it clear that Congress was moved by the fact that automobile accident insurance placed such a heavy financial burden on government drivers that it was adversely affecting morale and making it difficult for the government to attract competent drivers into its employ. S.Rep. No. 736, 87th Cong., 1st Sess. (1961), reprinted in 2 U.S. Code Cong. & Admin. News 1961, at p. 2784 (1962). We think that the magnitude of the automobile insurance problem justified Congress's separate treatment of this specific problem. Furthermore, as the Supreme Court said in *Silver* in response to a substantially similar argument:

> "[T]here is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied— that the legislature must be held rigidly to the choice of regulating all or none. * * * It is enough that the present statute strikes at the evil where it is felt and reaches the class of cases where it most frequently occurs."

280 U.S. at 123–124, 50 S.Ct. at 59.

As we have indicated, we find it unnecessary to consider the government's position that the Employees' Compensation Act precludes relief under the Tort Claims Act in this case, because even if Carr is not limited to his rights under the Employees' Compensation Act his action is barred by the two-year limitations provision of the Tort Claims Act, 28 U.S.C.A. § 2401(b).

■ Lastly, Carr contends that the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 525, tolls this statute of limitations. This Act in part provides for tolling with respect to

> "the bringing of any action * * * in any court * * * by or against any person in military service or by or against his heirs, executors, administrators, or assigns * * *."

Since Mitchell was in the United States Navy for a period of time after the accident, Carr believes that his action under the Tort Claims Act is still viable.

We disagree. Section 525 only tolls a limitations provision if the action is either one "against any person in military service" or one "against his heirs, executors, administrators, or assigns." Since the Drivers Act abolishes Carr's right to relief from Mitchell, Carr has no "action * * * against any person in military service." Nor do we think that in this case the United States is accurately described as one of Mitchell's "heirs, executors, administrators, or assigns." Therefore, we conclude that § 525 does not apply here.

■ We arrive at this conclusion after a consideration of the relevant statutory purposes. The Soldiers' and Sailors' Civil Relief Act was intended to enable persons serving in the armed forces "to devote their entire energy to the defense needs of the Nation" without the worries and distractions which are involved in the conduct of litigation. 50 U.S.C.A. App. § 510; e. g., Van Heest v. Veech, 58 N.J.Super. 427, 432, 156 A.2d 301, 304 (1959). We have found nothing to suggest that Congress was protecting a contrary purpose when it extended the benefits of § 525 to persons who bring actions *"against"* servicemen. Consistent with the statute's broad purpose, therefore, we think that

§ 525 was intended to promote tranquility in the military by permitting claimants to await the termination of the potential defendant's tour of duty without losing a meritorious claim. Blazejowski v. Stadnicki, 317 Mass. 352, 356–357, 58 N.E.2d 164, 166 (1944); Annot., 26 A. L.R.2d 284, 287–88 (1952). See also Reed, Soldiers' and Sailors' Civil Relief Act of 1940, 28 Iowa L.Rev. 14, 27 (1942).

This purpose, however, has no applicability here. A serviceman in Mitchell's situation is, by virtue of the Drivers Act, completely immune from "any * * * action." 28 U.S.C.A. § 2679(b). He has no need for the partial and temporary relief from worry and distraction which § 525 would provide.

The judgment of the district court is Affirmed.