**Arlington R. MILLER, III, et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Civ. A. No. 91–268–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 14, 1992.

---

Mark David Brynteson, Davis, Irwin & Brynteson, Virginia Beach, Va., Walter A. Oleniewski, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., Alexandria, Va., for plaintiffs.

John Phillip Krajewski, Office of U.S. Atty., Alexandria, Va., for defendant.

## ORDER AND OPINION

DOUMAR, District Judge.

This case comes before this Court on defendant, United States', motion for summary judgment. Plaintiffs, Arlington R. Miller, III ("Arlington III"), Arlington R. Miller, Jr. ("Mr. Miller"), and Mary D. Miller ("Mrs. Miller") brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, against the United States seeking damages for harm to Arlington III resulting from negligent medical care provided to Mrs. Miller during her pregnancy and Arlington III's delivery at a Naval Regional Medical Center in Oakland, California. Plaintiffs allege that as a result of defendant's negligence, Arlington III suffered pain, mental anguish and became disabled from cerebral palsy and other neurologic injuries. Plaintiffs also allege that Mr. Miller and Mrs. Miller have suffered mental anguish, the destruction of the normal loving relationship between parents and child and have incurred and will continue to incur large medical and custodial expenses for Arlington III.

The issue presented in this case is whether plaintiffs have complied with the applicable time limitation period. Actions under the Federal Tort Claims must be brought within two years of the date when the claim accrues. 28 U.S.C. § 2401(b). Because plaintiffs' claims accrued in the late 1970's, and plaintiffs did not give the Navy notice of their claims until July 1990, plaintiffs have failed to comply with the applicable limitation period. Plaintiffs argue, however, that their claims are not barred because the limitation period has been both equitably tolled and tolled by the Soldiers' Sailors' Civil Relief Act. 50 U.S.C.App. § 525 (1988). Defendant argues that the plaintiff has failed to demonstrate adequate grounds for this Court to equitably toll the limitation period and that the Soldiers' Sailors' Civil Relief Act is not applicable to this case. For the following reasons, the Court will grant defendant's motion for summary judgment with respect to Arlington III's and Mrs. Miller's claims. The Court denies defendant's motion with respect to Arlington Miller, Jr.'s claims.

## I. PROCEDURAL HISTORY

Plaintiffs first presented the claims alleged in their complaint to the Department of the Navy on July 31, 1990. After more than six months passed and the Navy failed to make a final disposition of plaintiffs' claims, plaintiffs brought this action on April 30, 1991. Defendant filed a motion to dismiss plaintiffs' claim on July 2, 1991 asserting that this Court lacks subject matter jurisdiction and that plaintiffs' claims are barred by the Federal Tort Claims Act's two year limitations period. On July 29, 1991, plaintiffs filed a response opposing defendant's motion to dismiss. Plaintiffs argued that their claims were not barred because the limitations period was tolled both by equity principles and the Solders' Sailors' Civil Relief Act. Defendants responded to the plaintiffs' brief on August 9, 1991. Both parties subsequently filed additional briefs.

On November 25, 1991, this Court converted defendant's motion to dismiss into a motion for summary judgment. Both parties were notified of the conversion by or-

der and given an opportunity to submit any additional materials or affidavits that they wished the Court to consider. Plaintiffs, on December 10, 1991, filed a supplemental response to defendant's motion to dismiss and on December 12, 1991 filed a supplemental affidavit of Arlington R. Miller, Jr. and affidavits from Mary Miller and Kathryn Kneibert, Mary Miller's sister. On January 21, 1992, this Court held a hearing at which the Court heard testimony from Arlington Miller, Jr. about the circumstances surrounding his son's birth and the alleged events which caused him to delay filing a claim for his son's injuries.

## II.  FACTS

Arlington III was born on August 10, 1976 at the Naval Regional Medical Center in Oakland, California. Mr. Miller entered the Navy on June 9, 1971 and retired on July 1, 1991. Plaintiffs' allege, and defendant does not dispute, that Mr. Miller was on active duty at the time of Arlington III's birth. Arlington III allegedly was extremely ill immediately after his birth. Mr. Miller claims that military physicians at the Naval Regional Medical Center told himself and Mrs. Miller that Arlington III's medical problems were caused by his being born prematurely. Affidavit of Arlington R. Miller, Jr., at ¶ 3 [*hereinafter Miller Affidavit*]. The treating physicians purportedly asked Mr. and Mrs. Miller to consent to the use of a drug to treat Arlington III that would cause nerve deafness. Mr. Miller testified that he signed a certificate consenting to the use of the drug. Mr. Miller also stated that he has no knowledge of where the certificate is today.

When Mr. Miller was transferred to Annapolis, Maryland, Arlington III was evaluated at Bethesda Naval Hospital in January 1978 where military physicians told Mr. and Mrs. Miller that Arlington III had cerebral palsy of unknown origin. *Miller Affidavit*, at ¶ 4. Mr. Miller testified that he actually first learned that the doctors who cared for Arlington III immediately after his birth may have been negligent when he consulted with a Dr. Copeland at the Kennedy Institute at Johns Hopkins. Copeland allegedly said that the physicians who treated Arlington III after his birth may have allowed Arlington III's bilirubin count [1] to become so high that it caused brain damage resulting in cerebral palsy.

At the hearing, Mr. Miller testified that in June or July 1978, he telephoned an attorney at the Naval Academy in Annapolis to ascertain his, Mrs. Miller's, and Arlington III's legal rights. Mr. Miller did not identify the attorney either in his testimony or his affidavit but did testify that he believed the attorney to be either a commander or a lieutenant commander because he was in the Navy Legal Office or the Navy Legal Officer in charge. According to Mr. Miller, the attorney asked his son's age and told him that there was a two year statute of limitations and there was not sufficient time to prepare a case. Mr. Miller claimed that the attorney told him that the extent of Arlington III's injuries could not be determined until Arlington III was older and that Mr. Miller could and should wait until Arlington III was eighteen when a claim could be filed by Arlington III or on his behalf. Miller testified that it was his understanding after the conversation with the attorney that he could file suit *either* during a two year period from the date that his son's injuries occurred or within a two year period after his son became eighteen, but that he could not file a suit within the intervening sixteen year period. Upon questioning from the Court, plaintiffs' counsel indicated that Mr. Miller did not testify that the Naval attorney told him that there were two distinct statute of limitations only that such was his belief after the phone call.

Mr. Miller also states in his affidavit and stated in his testimony that the attorney told him that he should not file a claim

1. Bilirubin is a reddish pigment present in the bile formed from the hemoglobin or red blood cells that have lived their life span and been destroyed. It is also formed abnormally from young red blood cells. It is normally found in the feces. In cases of obstruction to the bile, as in jaundice, it is also present, in the urine, skin, and other tissues. J.E. Schmidt, Attorneys' Dictionary of Medicine and Word Finder B–64 (19th ed. 1992).

against the United States because doing so would "ruin" his Navy career. *Id.* at ¶ 5. According to the affidavit, the attorney implied that a claim brought by Mr. Miller when Arlington III became eighteen would not ruin his career. *Id.* At the hearing, Mr. Miller admitted on cross-examination that he might have raised the issue with the attorney about whether filing a claim could ruin his career. Mr. Miller also testified that he was relieved that the attorney told him that it was in his best interest to wait to take legal actions until Arlington III was eighteen because it meant that he would not have to take any actions with respect to the matter at that time.

The Millers allegedly relied on the attorney's representations until January 1990 when Mr. Miller responded to a notice in a military newspaper which discussed the right to sue the United States for acts of medical negligence resulting in brain damaged children. Mr. Miller testified that his wife then telephoned the law firm that placed the notice and learned for the first time that the purported statements of the Navy lawyer were incorrect. Mr. Miller's original affidavit stated that he made the telephone call to the law firm. *Id.* at ¶ 6.

## III. ANALYSIS

■ Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when the court, viewing the record as a whole, and in the light most favorable to the non-moving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.,* 763 F.2d 604, 610 (4th Cir.1985). Once a party files a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex Corp.,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. A dispute about a material fact is genuine

only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

### A. *Plaintiff's Causes of Action*

The Court must first determine the nature and legal viability of each of the plaintiffs' claims. This determination is important because, as is discussed *infra,* whether the FTCA's two year limitations period bars plaintiffs' claims depends on the identity of each plaintiff and the nature of their causes of action. Plaintiffs' suit is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* (FTCA). FTCA claims are governed by the substantive law of the state in which the alleged wrong occurred. 28 U.S.C. § 2674; *see Harris v. United States,* 718 F.2d 654, 656 (4th Cir.1983). Because the alleged negligence occurred in Oakland, California, California law applies.

The plaintiffs' complaint includes three distinct claims: 1) Arlington III's claim brought by Mr. Miller for pain, suffering, and mental anguish; 2) Mr. and Mrs. Miller's claim for Arlington III's medical expenses; 3) Mr. and Mrs. Miller's claim for the loss of the relationship between parent and child.

■ Two of these claims, Arlington III's claims and Mr. and Mrs. Miller's claims for Arlington III's medical expenses, are definitely viable causes of action under California law. In California, a child or the parents suing on behalf of an unemancipated child, may bring suit to recover damages to the child resulting from a personal injury such as pain and suffering and physical disfigurement. *See Durkee v. Central Pac. R. Co.,* 56 Cal. 388 (1880). Under the California Code, the parents may jointly bring a separate suit to recover the costs of the child's injury incurred by the parents for such things as medical expenses and other costs or losses. Cal.Civ.Pro. § 376.

■ Mr. and Mrs. Miller are also seeking damages for the "destruction of the normal loving relationship between parents and child ..." This claim is not viable because

California does not allow recovery for loss of consortium between parent and child. *Baxter v. Superior Court,* 19 Cal.3d 461, 138 Cal.Rptr. 315, 563 P.2d 871 (1977); *Borer v. American Airlines, Inc.,* 19 Cal.3d 441, 443, 138 Cal.Rptr. 302, 563 P.2d 858 (1977).

With the nature of plaintiffs' actions in mind, the Court next turns to the issue of whether plaintiffs' claims are barred by the FTCA's two year limitations period.

## B. *Statute of Limitations*

Title 28 U.S.C. § 2401(b) states that a claim against the United States under the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues." (emphasis added) The plaintiffs filed their claim with the U.S. Navy on July 24, 1990. Plaintiffs' Exhibit A.

■■■ An FTCA claim accrues when the plaintiff knows or reasonably should have known of the existence and the cause of his injury. *See United States v. Kubrick,* 444 U.S. 111, 123–25, 100 S.Ct. 352, 360–61, 62 L.Ed.2d 259 (1979); *Gould v. U.S. HHS,* 905 F.2d 738, 742, 745–46 (4th Cir.1990), *cert. denied* — U.S. —, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991). This Court has held that the action accrues even if the claimant believes that his injury was not caused by negligence. *Dessi v. United States,* 489 F.Supp. 722, 725 (E.D.Va.1980); *see Gould,* 905 F.2d at 742 (quoting the *Dessi* decision). The action accrues even if the claimant believes that his injury was unavoidable and did not indicate negligent treatment. *Id.* Moreover, the plaintiff need not have sufficient information to positively determine that defendants actually caused the plaintiff's injury. *See Nemmers v. United States,* 795 F.2d 628, 631 (7th Cir.1986). The cause of action accrues when a reasonably diligent person would have known that the defendant potentially caused the injury. *Id; see also Dessi,* 489 F.Supp. at 726 (claim considered to have accrued because cause of injury was "reasonably detectable").

■ The Court finds that plaintiffs' claim accrued in the summer of 1978. First, by this time the Millers were aware that Arlington III suffered from an injury or malady. Mr. Miller states in his affidavit that shortly after he was transferred to Annapolis, Maryland, in August 1977, Arlington III was examined and he was informed that Arlington III had cerebral palsy. Second, at the hearing before this Court, Mr. Miller testified that in the spring of 1978, he learned that the physicians who treated Mrs. Miller and Arlington III may have been responsible for his injuries when he consulted with Dr. Copeland at the Kennedy Institute. According to Mr. Miller, Copeland said that the physicians who treated Arlington III immediately after his birth may have allowed Arlington III's bilirubin count to become so high that it caused brain damage. Such information was sufficient to reasonably alert that the physicians who treated Arlington III may have caused Arlington III's injuries.

The Millers' first presented their claims to the Navy in July 1990, approximately ten years after the expiration of the FTCA's two year limitation period. Therefore, unless the FTCA's limitations period is tolled or defendants are estopped from invoking it, plaintiffs' claims are time barred and must be dismissed.

### 1. Equitable Estoppel

Plaintiffs argue that the FTCA's two year limitations period does not bar their suit because the limitations period has been equitably tolled. In support of this argument, plaintiffs allege that a Navy attorney provided Mr. Miller with incorrect information concerning the time period in which Arlington III could bring a claim and also suggested that the bringing of a claim at the present time would ruin Mr. Miller's career.

The Court must first decide whether equitable tolling principles even apply to the FTCA's limitation period. Traditionally, courts, including the Court of Appeals for the Fourth Circuit, have held that the time restrictions imposed under § 2401(b) are

jurisdictional and thus cannot be tolled. *Gould,* 905 F.2d at 742; *see* Annot. 29 A.L.R.Fed. 482, § 13 (1976 and Supp.). The Fourth Circuit has held that "the Supreme Court has instructed the judiciary to abstain from extending or narrowing § 2401(b) beyond what Congress intended." *Id., citing, Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356. The court noted that, with a few exceptions, § 2401(b) has not been "tolled or waived". *Id., quoting, Lien v. Beehner,* 453 F.Supp. 604, 606 (N.D.N.Y. 1978). The rational for this holding was that the FTCA constituted a limited waiver by the United States Government of its sovereign immunity and that the Courts should not broaden this clearly defined waiver by applying tolling or estoppel doctrine.

Plaintiffs argue that the Supreme Court's recent decision in *Irwin v. Veterans Admin.,* 498 U.S. 89, ——, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1991), indicates that equity principles may be used to toll limitations periods contained in statutes which waive the United States' sovereign immunity, including the FTCA's. Defendants argue that the *Irwin* decision does not apply to this case because it involved Title VII rather than the FTCA. Defendants also maintain that there is no indication in *Irwin* that the Supreme Court meant to overrule its holding in *Kubrick* where it specifically dealt with the question of when an FTCA claim accrues and also stated that the FTCA statute of limitations was a jurisdictional requirement generally not subject to equitable tolling.

In *Irwin,* the plaintiff brought an action under Title VII of the Civil Rights Act alleging that the Veterans Administration had discharged him on the basis of his race and physical disability. At issue in the case was whether Title VII's requirement that all claims be filed within 30 days of receipt of notice of final action taken by the Equal Employment Opportunities Commission ("EEOC"), 42 U.S.C. § 2000e–16(c), was a jurisdictional requirement. The Court held that although § 2000e–16(c) is a condition of the United States' waiver of its sovereign immunity, the time limitation was subject to equitable tolling. *Irwin,*

498 U.S. at ——, 111 S.Ct. at 457–58. "... [T]he same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* 498 U.S. at ——, 111 S.Ct. at 457. The Court cited examples of circumstances where equitable tolling might apply, specifically noting that prior courts has used the doctrine when a party was induced or tricked by an opposing party's misconduct into allowing a limitations deadline to pass. *Id.* 498 U.S. at ——, 111 S.Ct. at 458 and n. 4.

The language in *Irwin* does not appear to support defendant's position that the Court's holding was limited to Title VII. The Court specifically noted that it no longer wanted to decide cases involving different statutes of limitations on an *ad hoc* basis, but instead "to adopt a more general rule to govern the applicability of equitable tolling in suits against the Government." *Id.* 498 U.S. at ——, 111 S.Ct. at 457. Speaking in general terms the Court stated:

A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little if any, broadening of the congressional waiver.

*Id.* (citations and quotations omitted).

In the wake of *Irwin,* the Court of Appeals for the Eighth Circuit and a district court in the Third Circuit have held that the FTCA's statute of limitations was not a jurisdictional requirement, but merely an affirmative defense which the defendant had the burden of establishing. *Schmidt v. United States,* 933 F.2d 639 (8th Cir. 1991) ("the FTCA's statute of limitations is not jurisdictional"); *Diltz v. United States,* 771 F.Supp. 95, 97 (D.Del.1991) ("two year limitation period of section 2401(b) does not implicate the court's subject matter jurisdiction"). The Court is unaware of any Fourth Circuit case that has addressed the issue.

This Court need not decide whether § 2401(b)'s time limitation is subject to equitable tolling or estoppel because the Court finds that even if such doctrines apply, plaintiffs have failed to allege sufficient facts to warrant the tolling or estoppel of the limitation period.

■ Equitable exceptions to the statutes of limitation periods should be sparingly applied. *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987), *cert. denied*, 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988). The doctrines of equitable tolling and equitable estoppel have a common origin, but are applied in different circumstances. The Fourth Circuit has held that "equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the *existence of a cause of action." Id.* at 1049 (emphasis added); *see Lawson v. Burlington Industries*, 683 F.2d 862, 864 (4th Cir.), *cert. denied*, 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982).

■ Equitable estoppel, in contrast, is applicable where the plaintiff is aware of the existence of a cause of action, but the defendant intentionally causes the plaintiff to miss the filing deadline, *English v. Pabst Brewing*, 828 F.2d at 1049, or takes actions that the defendant "should unmistakably have understood would cause the [plaintiff] to delay filing his charge." *Price v. Litton Business Systems, Inc.*, 694 F.2d 963, 965 (4th Cir.1982); *see also Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 60–61 (2d Cir.1986) (making the same distinction between equitable tolling and equitable estoppel). There is no indication from the pleadings or affidavits that any representative of the United States attempted to conceal that the plaintiffs might have a cause of action against the United States. Mr. Miller's affidavit and testimony only alleged that the attorney advised against filing a claim because to do so would ruin Mr. Miller's career and because the extent of Arlington III's injuries would be more ascertainable once he reached eighteen. These statements only pertain to the wisdom of filing a claim in 1978. Even read in the broadest light, the

alleged comments of the attorney neither stated nor implied that plaintiffs did not have a cause of action at the time. In contrast, the attorney's alleged statement that the Millers could bring a cause of action when Arlington III turned eighteen should have indicated to Mr. Miller that the attorney believed that the Miller's had a viable legal claim. Accordingly, this case presents a question of equitable estoppel.

■ On a motion for summary judgment, the burden is on the plaintiff to present facts which, if true, justify equitably estopping a defendant from asserting the statute of limitations. *See Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 879 (5th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991); *Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir.1990). The Court finds that plaintiffs have failed to present any such facts which meet this burden.

Mr. Miller stated in his affidavit and in his testimony before this Court that in June or July of 1978, he consulted with an attorney at the Naval Academy in Annapolis, Maryland. That attorney reportedly told Mr. Miller that he should not file a claim at that time because the "extent of Arlington [III]'s problems could not be ascertained until Arlington [III] was older and that [Mr. Miller] should wait until he was eighteen when a claim could be filed by Arlington or own his behalf." The affidavit also states that the attorney told Mr. Miller that filing a complaint at the time could ruin his career. Mr. Miller failed to take any additional actions to investigate the viability of a potential claim until January 1990 when he read a newspaper advertisement which contained information about bringing suits against the Navy for medical malpractice. Mr. Miller then contacted the firm and allegedly learned for the first time that Arlington III could not bring his own suit upon reaching the age of eighteen.

■ Plaintiffs' allegations are insufficient to equitably estop defendant's from invoking § 2401(b). First, the alleged comment of the Navy attorney that the filing of a suit would damage Mr. Miller's career

is not grounds for applying equitable estoppel doctrine. Mr. Miller himself believed this even without any statements by the attorney. Fear of harm to a plaintiff's career cannot justify equitably estopping a defendant from asserting a time limitation period. *See generally Pittman v. United States,* 341 F.2d 739, 741 (9th Cir.), *cert. denied,* 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965).

■ Nor is Mr. Miller's claim that both he and his wife relied on the Navy attorney's representations that either they or Arlington III could bring a suit either at that time or once their son had reached eighteen sufficient to warrant estopping the statute of limitations. Equitable estoppel is directed at a situation where there is demonstrated "egregious wrongdoing by a defendant." *Scheller v. Hydrotherm, Inc.,* 728 F.Supp. 377, 383 (D.Md.1989) (refusing to estop the statute of limitations in suit under the Age Discrimination in Employment Act) and the plaintiff must "actually and reasonably rely on the alleged misconduct in foregoing an assertion of his rights." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128–29 (4th Cir.1987). "One who fails to act diligently cannot invoke estoppel principles to excuse that lack of diligence." *Id., quoting, Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

At best, the plaintiff's affidavit refers to a telephone conversation with an "attorney at the Naval Academy." Mr. Miller does not identify the alleged attorney nor was he able to conclusively demonstrate that the alleged individual was acting in any capacity other than rendering some legal advice over the telephone. Nor did he show that the attorney at the Naval Academy had any role or connection on behalf of the hospital or a claim which concerned the

Naval Hospital and personnel in California. The alleged attorney was supposedly a commander or lieutenant commander in the Annapolis legal office and was only spoken to over the telephone and not in person.[2] Given the lack of specificity where the plaintiff has the burden, this Court lacks sufficient facts to conclude that the Millers' reliance on the so-called attorney's alleged remarks was either reasonable or in any way an effort to thwart a claim.

Moreover, Mr. Miller was unable to testify as to what this person actually told him. Instead, his testimony only indicated that when he ended his conversation that he had the impression that he, his wife, and Arlington III, had a two year period after the negligent act itself to bring an action or two years after Arlington III reached eighteen, but not in between those years. Such a proposition would be extremely unusual in the law and the Court would have to assume that any person who gave such advice would not have passed the bar or gone to lawschool. The Court cannot find that Mr. and Mrs. Miller have met their burden of demonstrating that defendants should be estopped from asserting the time limitations period against their claims.

■ In addition, the defendant is not equitably estopped from asserting the FTCA's limitation period against Arlington III's claims. In applying the FTCA, courts have held that when plaintiff is a minor, his parents' knowledge of the injuries is imputed to him. *Zavala v. United States,* 876 F.2d 780, 782 (9th Cir.1989); *Landreth v. United States,* 850 F.2d 532, 534 (9th Cir. 1988), *cert. denied,* 488 U.S. 1042, 109 S.Ct. 866, 102 L.Ed.2d 990 (1989). A child is bound by his parents' failure to file a claim. *Id.* Plaintiffs allege that the same facts which warrant the use of equitable estoppel doctrine for Mr. and Mrs. Miller's claims also justify the estoppel of the time

2. The government has not admitted that there was any such attorney, or even that the gentleman was an attorney. The only basis for showing this would be the statement of the plaintiff, Mr. Miller. This statement would be insufficient to show that the person with whom the plaintiff was speaking was acting as an agent of the United States. It may be sufficient to show

that plaintiff received some legal advice from someone who may have been an attorney or who was represented by others to be in the legal office, but this statement could not be utilized to establish that this unidentified individual was acting as agent for the government. *See Griffith v. Electrolux Corp.,* 176 Va. 378, 11 S.E.2d 644, 653 (Va.1940).

period for Arlington III's claims. As demonstrated above, these facts as presented by the plaintiffs are wholly inadequate to warrant equitably estopping the limitation period. Therefore, because application of equitable estoppel doctrine is not warranted for Mr. and Mrs. Miller's claims, it is also inapplicable to Arlington III's claims.

In support of their equitable tolling argument, plaintiffs cite *Scarborough v. Atlantic C.L.R. Co.*, 190 F.2d 935 (4th Cir.1951). The case is readily distinguishable from the present matter. In *Scarborough*, plaintiff, an infant, brought an action under the Federal Employees Liability Act. In response to defendant's plea of the statute of limitations, plaintiff alleged that a claims agent had incorrectly informed him and his father that plaintiff could bring suit within any time of after three years of his reaching age twenty-one. The district court judge had submitted special interrogatories to the jury pertaining to the tolling of the statute of limitations. The judge directed a verdict for the plaintiff based on the jury's answers. The Court of Appeals reversed on the ground that the district judge had failed to present proper interrogatories to the jury.

Unlike the present matter, *Scarborough* involved a suit against a private party in which "the evidence [left] no doubt of the fact" that the defendant's claims agent provided the plaintiff with incorrect information about the time period in which the plaintiff could file suit. 190 F.2d at 940. Moreover, the identity of the Claims agent was known to the parties. Even given these circumstances, the Court of Appeals expressed no opinion on the merits of the case, but merely remanded the case to the district court for a new trial. *Id.* at 941. The Millers have failed to submit information comparable in specificity to the facts alleged in *Scarborough* and, accordingly, their reliance on the case is misplaced.

In *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), petitioner claimed that respondent was estopped from asserting the statute of limitations because respondent had represented to the petitioner that he had seven years in which to sue, when the actual statute of limitations imposed a three year limit. *Id.* at 231–32, 79 S.Ct. at 761. The Court, in its now famous phrasing, stated that there is a maximum in the law "that no man may take advantage of his own wrong." *Id.* at 232, 79 S.Ct. at 762. The Court, however, did not hold that respondents were in fact equitably estopped from asserting the statute of limitations, but merely held that plaintiffs had alleged sufficient facts to warrant that the plaintiff be given the opportunity to demonstrate the applicability of equitable estoppel doctrine at trial. The Court continued:

> petitioner is entitled to have his case tried on the merits if he can prove that respondent's agents, with some authority in the particular matter, conducted themselves in such a way that petitioner was justifiably misled with a good faith belief that he could begin his action at any time within seven years after it had accrued.

*Id.* at 235, 79 S.Ct. at 763.

Here the Court is satisfied from the testimony of the only person who conversed with the unidentified, so-called attorney that the telephone advice was not designed to prevent a claim against the United States or even to delay it. The Court finds as a fact that the conversation was not on behalf of the United States, but at best was advice which the plaintiff sought from what he believed to be a lawyer. This is not sufficient to prove agency, or to prove equitable estoppel. This Court is not ruling that equitable estoppel even applies against the United States under the Federal Tort Claims Act, but finds that even if the doctrine does apply, there is no basis for it here.

### 2. Soldiers' Sailors' Civil Relief Act

The Court next must decide whether the FTCA's two year time limitation has been tolled for any of plaintiffs' actions by the Soldiers' Sailors' Civil Relief Act, 50 U.S.C.App. § 501, *et seq.*, (SSCRA). The Act provides in pertinent part that:

> The period of military service shall not be included in computing any period now or hereafter to be limited by law, regula-

tion, or order *for the bringing of any* action or proceeding in any court, bureau, commission, department, or other agency of government *by or against any person in military service* or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service ...

50 U.S.C.App. § 525 (emphasis added). Section 525 has two distinct applications: it tolls the statute of limitations during the time period when *either* the *plaintiff* or the *defendant* is a member of the armed services. *Ricard v. Birch*, 529 F.2d 214, 216–217 (4th Cir.1975) ("parallel purpose of the Act [is] to protect the rights of individuals having causes of action against the armed forces"). Both courts which have addressed the issue have concluded that § 525's tolling provision applies to the FTCA's two year time period. *See Stephan v. United States*, 490 F.Supp. 323 (W.D.Mich.1980); *Lester v. United States*, 487 F.Supp. 1033 (N.D.Tex.1980). Plaintiffs maintain that because Mr. Miller was in the Navy from 1971 to 1991, and because the doctor alleged to have been negligent was also in the Navy, it is necessary to consider both facets of the SSCRA.

Plaintiffs argue that the SSCRA tolls the limitation period for *Mrs. Miller's* and *Arlington III's* claims because § 525 applies to suits brought against the United States when the United States is secondarily liable for a serviceman's negligence. Plaintiffs note that the SSCRA applies to actions brought either by or against a servicemen's "heirs, executors and assigns," 50 U.S.C.App. § 525, and contend that the SSCRA defines "heirs, executors, and assigns" to include persons "secondarily liable" for the obligations of persons in the military service, 50 U.S.C.App. § 511(3).

Plaintiffs reason that because the United States under the FTCA is, in essence, "vicariously" or "secondarily liable" for the acts of the Navy doctors, the SSCRA's tolling provisions apply to their claims against the United States.

Plaintiffs' argument is erroneous. Even adopting plaintiffs' construction of the statute, the limitation periods for Mrs. Miller's and Arlington's claims is not tolled by the SSCRA because the defendant, the United States, is primarily and not secondarily or vicariously liable, for the negligence alleged in plaintiffs' complaint. *See Carr v. United States*, 422 F.2d 1007 (4th Cir.1970). Title 10 U.S.C. § 1089(a) provides that actions brought under the FTCA against the United States for damages due to the negligence of a physician of the armed services acting in the scope of his duties are the exclusive civil remedy for such damages. Doctors in the armed services are completely immune from suit for acts performed in their official capacity. *Id.*[3] Plaintiffs are barred by statute from bringing a direct action against the allegedly negligent physicians. Thus, the SSCRA tolling provisions do not apply to Mrs. Miller's and Arlington III claims.

The Court's conclusion that the SSCRA does not apply to Mrs. Miller's and Arlington III's claims is supported by the Court of Appeals for the Fourth Circuit's decision in *Carr*, 422 F.2d 1007. The plaintiff in the case brought an action for damages suffered as a result of a collision between a car operated by defendant and another vehicle. *Id.* at 1009. At the time of the accident, plaintiff and defendants were both government employees acting within the scope of their employment. The plaintiff brought suit after the two year time limitation period had expired. The United States was substituted as a defendant pursuant to the Federal Drivers Act, 28 U.S.C.

3. *Title 10 U.S.C. § 1089(a) provides in pertinent part:*

The remedy against the United States provided by section 1346(b) and 2672 of title 28 for damages for personal injury, including death, caused by the negligent or wrongful act or omission of any physician, dentist, nurse, pharmacist, or paramedical or other support-

ing personnel ... while acting within the scope of his duties or employment therein *shall hereafter be exclusive of any other civil action* or proceeding by reason of the same subject matter against such physician ... whose act or omission gave rise to such action or proceeding.
(emphasis added).

§§ 2679(b)–(e) and 28 U.S.C. §§ 1441(c), 1442(a)(1), 1446(d), the exclusive remedy for injuries caused by a car operated by a government employee within the scope of his employment. *Id.* at 1009. The plaintiff claimed that the SSCRA tolled the two year limitation period because the original defendant was in the Navy for a period of time after the accident. *Id.* at 1012. The Court of Appeals held that the SSCRA's tolling provision did not apply to plaintiff's action, reasoning that because the Federal Drivers Act had abolished any remedy against the original defendant, the United States was not one of the defendant drivers' " 'heirs, executors, administrators, or assigns.' " *Id.* The court further noted that application of the SSCRA's tolling provisions in the case would not advance the SSCRA's purpose of promoting tranquility in the military by providing military members temporary relief from suit during service because the original defendant was completely immune from suit. *Id.* at 1013.

The facts in the present case are strikingly similar to those in *Carr.* As in *Carr,* the military personnel who were allegedly negligent have complete immunity from suit, thus there is no military official who is primarily liable for the damages claimed by the Millers. The only defendant the Millers can sue for the alleged negligence is the United States, a party to which the underlying policies of the SSCRA have no application. The Court holds that the SSCRA's tolling provisions do not apply to the time limitations period for Mrs. Miller's and Arlington III's claims. Defendant's motion for summary judgment as to those claims brought by Mrs. Miller and Arlington III will be granted.[4]

Plaintiffs also argue that Mr. Miller's service in the Navy from 1971 to 1991 requires the tolling of the limitations period Mr. Miller's claims. To reiterate, the SSCRA has two distinct applications; it tolls limitations periods for bringing suits

when a suit is brought either "*by* or against anyone in military service." 50 U.S.C.App. § 525 [emphasis added]. The majority of courts, including those in the Fourth Circuit, equally apply the SSCRA tolling provisions to claims brought by servicemen regardless of whether their ability to pursue their action has been impaired by their military service. *Ricard v. Birch,* 529 F.2d at 214 ("The tolling statute is unconditional. The only critical factor is military service...."); *see Mason v. Texaco Inc.,* 862 F.2d 242, 245 (10th Cir.1988); *Bickford v. United States,* 656 F.2d 636, 639, 228 Ct.Cl. 321 (1981); *see also* Annot., 36 A.L.R.Fed. 420 (1978).

It is uncontested that Mr. Miller was in the Navy from 1971 through 1991. Mr. Miller's claim accrued in 1978, while he was still in the Navy. Section 2401(b)'s two year limitation period, with regard to those actions that are solely those of Mr. Miller thus did not begin to run until Mr. Miller left the Navy. Mr. Miller filed his claim April 3, 1991, a date which was certainly within two years from when Mr. Miller retired from the Navy. Therefore, Mr. Miller's claims for which he personally has a cause of action under California law are timely filed. Thus, Mr. Miller's claim for medical expenses which he has previously paid or may reasonably incur for the unemancipated minor may be recovered to the extent they are his by the law of the state of California, a community property state. Defendant's motion for summary judgment with respect to these claims will be denied.

## III. CONCLUSION

The Court holds that Mrs. Miller's and Arlington III's claims are barred by 28 U.S.C. § 2401(b)'s two year limitation period. Mr. Miller's personal cause of action for medical expenses of the unemancipated minor is not time barred because the limitation period was tolled by the SSCRA.

---

**4.** The fact that Arlington III's claims were brought by Mr. Miller does not affect the Court's conclusions that these actions are not tolled by the SSCRA. Actions brought by servicemen on behalf of minors are not tolled by the § 525 when the minor was entitled to recover in his own right when there was no reason why a non-military representative could not have brought the minor's claim. *Beck v. United States,* 1987 WL 17154 (N.D.Ill.1987) (unpublished); *Lopez v. Waldrum Estate,* 249 Ark. 558, 460 S.W.2d 61, 63–64 (1970).

**1132**

However, Mr. Miller cannot recover for medical expenses which the United States itself has or will incur.

The Court GRANTS defendant's motion for summary judgment with respect to Mrs. Miller and Arlington III's claims, but DENIES defendant's motion with respect to Mr. Miller's claim for medical expenses incurred by him and reasonably and necessarily expected to be incurred by him on behalf of the unemancipated minor child resulting from the negligence of the defendant. Plaintiff shall advise the Court within thirty (30) days whether he desires to proceed on the medical expense claim, to the extent that it belongs to Mr. Miller.

In the claim of Arlington R. Miller III, by his father, Arlington R. Miller, Jr., against the United States of America, judgment is entered for the defendant. In the claim of Mary D. Miller and Arlington R. Miller, Jr., plaintiffs, against the United States of America, in so far as any claim of Mary D. Miller is concerned, judgment is entered for the defendant with the plaintiff Arlington R. Miller, Jr., able to proceed against the United States of America for the reasonable and necessary medical expenses paid or incurred by Arlington R. Miller, Jr., and any reasonable and necessary medical expenses reasonably to be incurred by Arlington R. Miller, Jr., on behalf of his unemancipated minor child, Arlington R. Miller, III, as a result of the negligence of the defendant, but not to the extent that the United States of America has provided or will provide such services to said unemancipated minor, Arlington R. Miller, III.

IT IS SO ORDERED.