UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

SHIRLEY A. SALAZAR,
Plaintiff-Appellant,

v.                                                          No. 97-2565

DOMINGO BALLESTEROS,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-273-A)

Argued: October 29, 1999

Decided: August 24, 2001

Before WIDENER and MURNAGHAN,* Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

COUNSEL

ARGUED: Richard D. Watkins, Student Counsel, Appellate Litiga-
tion Program, GEORGETOWN UNIVERSITY LAW CENTER,

_____
*Judge Murnaghan heard oral argument in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel. See 28 U.S.C. § 46(d).

Washington, D.C., for Appellant. Dale Race, Jr., Fairfax, Virginia, for Appellee. **ON BRIEF:** Steven H. Goldblatt, Director, Christopher M. Anzidei, Student Counsel, Laura B. Auwers, Student Counsel, Matthew C. Solomon, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

A United States Postal Service employee, Plaintiff-Appellant Shirley Salazar, allegedly was assaulted at work by her co-employee, Defendant-Appellee Domingo Ballesteros. Salazar sued in state court for assault and battery, among other things. Ballesteros removed the case to the Eastern District of Virginia based on diversity of citizenship. Upon consideration of Ballesteros's motion to dismiss, the district court held that Salazar's action was barred by the Federal Employees' Compensation Act, and dismissed the case. See 981 F. Supp. 960 (1997). We reverse.

This case involves the intersection of three statutes, which we briefly summarize.

1. The Federal Tort Claims Act (FTCA), 28 U.S.C.§§ 1346(b), 1402(b), 2401(b), 2671-2680, allows the United States to be sued for certain torts committed by its employees. See id. § 1346(b)(1).

2. The Federal Employees' Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), 28 U.S.C. § 2679, which amended the FTCA, immunizes federal employees who are sued for actions "within the scope of [their] office or employment" and substitutes the United States in their place. Id.§ 2679(d)(1). However, in

2

order for substitution to occur, certain procedures must be followed: The defendant must notify the Attorney General of the suit, have the Attorney General certify his actions as "within the scope of employment," and petition the court for such certification if the Attorney General refuses to do so. See id. §§ 2679(c), (d). Once the United States is substituted as the defendant, the suit only can proceed under the FTCA. See id. § 2679(b)(1).

3. The Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101-8193, is in essence a federal worker's compensation statute. See United States v. Lorenzetti, 467 U.S. 167, 168 (1984); Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983). Under FECA, a federal employee may not sue "the United States or an instrumentality thereof" for work-related injuries, but may receive FECA benefits. 5 U.S.C. § 8116(c).

A number of circuit courts of appeals have held that FECA bars a federal employee's suit against the United States or its instrumentalities but does not bar a federal employee's suit against individual co-employees.[1]  See, e.g., Allman v. Hanley, 302 F.2d 559, 563 (5th Cir. 1962) (holding that FECA does not bar suits against fellow employees); see also Heathcoat v. Potts, 790 F.2d 1540, 1543-44 (11th Cir. 1986) (noting that FECA "is silent on the matter of co-employee

_____

[1] Under the Westfall Act, the United States may be substituted as the defendant if the tortfeasor was a co-employee acting within the scope of his employment. If such a substitution takes place, then FECA may bar the plaintiff's claim as the suit no longer would be against the co-employee but rather against the United States. See, e.g., Borneman v. United States, 213 F.3d 819, 829 n.3 (4th Cir. 2000) (noting, also on review of postal employee's suit against co-employee for assault and battery, that "once the United States is substituted as defendant [via the Westfall Act], the FTCA may not apply at all . . . [because] FECA provides the exclusive remedy for a federal employee against the United States"); Green v. Hill, 954 F.2d 694 (on which the district court relied) (noting that the Attorney General invoked the Westfall Act, that the United States was substituted as the defendant, and that the plaintiff's suit would have to be dismissed under FECA if the assault and battery was work-related), withdrawn in part and amended on petition for reh'g, 968 F.2d 1098 (11th Cir. 1992). As discussed below, this is not the case here, because no such substitution took place.

3

suits," and following Allman); Bates v. Harp, 573 F.2d 930, 935 (6th Cir. 1978) (holding that "even though we are not persuaded that co-employee suits are advisable as a matter of policy, in light of the overwhelming authority in support of such suits, absent an explicit statutory bar to the contrary, we feel constrained to follow the holding of Allman"); Davis v. Harrod, 407 F.2d 1280, 1282 n.2 (D.C. Cir. 1969) (noting that "[u]nder the FECA it appears that appellant[] could sue [her co-employee], but not the District").

The Fourth Circuit recognized the Allman line of cases in Carr v. United States, 422 F.2d 1007 (4th Cir. 1970). Carr examined the predecessor to the Westfall Act, the Federal Drivers' Act, which immunized federal drivers from suit for their negligence. The federal employee raised the Drivers' Act as a defense to the plaintiff's suit, and the United States was substituted as the defendant. The court first noted that, "[p]rior to the [Drivers'] Act, a government employee who sustained injuries as a result of the negligence of a fellow-employee acting within the scope of his employment . . . could . . . have brought a common law action against his co-worker for negligence." Id. at 1010 (citing Allman). The court then found that "the Drivers Act abrogates a federal employee's common law right of action against a government driver who is acting within the scope of his employment," id., and concluded that the plaintiff's only remedy was against the United States (the substituted defendant), under the FTCA. It affirmed the dismissal of the action because the FTCA statute of limitations had run. (The court declined to address whether FECA also barred the plaintiff's claim, because it resolved the matter on statute of limitations grounds.)

Normally, the same principle would apply here: The Westfall Act would abrogate Salazar's right to sue Ballesteros, the United States would be substituted as the defendant, and Salazar's only remedy would be against the United States under the FTCA. FECA then might bar her FTCA suit and allow only worker's compensation as a remedy. The problem in this case, however, is that the Westfall Act never was activated, because Ballesteros apparently failed to follow the elaborate statutory procedures for (1) notifying the Attorney General of the suit, (2) having the Attorney General certify his actions as "within the scope of employment," and (3) petitioning the court for such certification in the event that the Attorney General refused to do

4

so. See 28 U.S.C. §§ 2679(c), (d). Notably, the Seventh Circuit considered this very problem, though not in the FECA context, in Sullivan v. Freeman, 944 F.2d 334 (7th Cir. 1991). The Sullivan court found that the defendant-employees were not yet immunized by the Westfall Act because they failed to follow these procedures, and concluded that "doubtless on remand . . . the district court will be asked whether the defendants can still invoke the Act's protection or have waived it." Id. at 337.

Because of this procedural problem, Salazar's suit remains against her co-employee and not against the United States. Under these circumstances, we follow the Allman line of cases, and hold that FECA does not prohibit the plaintiff from suing a co-employee. Therefore, the district court's judgment is reversed and remanded for further proceedings consistent with this opinion.**2**

REVERSED AND REMANDED
_____

**2** We note that there are a number of issues that are not sufficiently presented in the record before us, and which we accordingly do not herein undertake to resolve, such as:

(1) whether Salazar's action, having been filed on the basis of diversity of citizenship, see Guaranty Trust Co. v. York, 326 U.S. 99 (1945), is barred by the applicable statutes of limitations, see, e.g., Va. Code §§ 8.01-243, 8.01-247.1;

(2) whether Ballesteros waived a statute of limitations or other affirmative defense, see Fed. R. Civ. P. 8(c);

(3) whether Salazar's claims were timely presented to the appropriate federal agency under the FTCA, see 28 U.S.C. §§ 2401(b), 2675(a), or are otherwise timely under the Westfall Act, see id. § 2679(d)(5), in the event the district court certifies that Ballesteros acted within the scope of his employment and substitutes the United States as a defendant; see, e.g., Mittleman v. United States, 104 F.3d 410 (D.C. Cir. 1997) (discussing timeliness issues under the FTCA and Westfall Act); and

(4) whether Ballesteros can invoke the protection of the Westfall Act, or waived it.